# EXHIBIT B

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Merrimack Superior Court
163 North Main St./PO Box 2880
Concord NH  03302-2880

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

**File Copy**

Case Name:  **John Doe v Concord Hospital**
Case Number:  **217-2018-CV-00448**

Enclosed please find a copy of the court's order of September 05, 2018 relative to:

Order

September 06, 2018

Catherine J. Ruffle
Clerk of Court

(003)

C: David Hugh Bownes, ESQ; Melissa M. Hanlon, ESQ; Marrielle Bilodeau Van Rossum, ESQ; Gilles
   R. Bissonnette, ESQ

NHJB-2503-S (07/01/2011)

# The State of New Hampshire

**MERRIMACK, SS**                                                    **SUPERIOR COURT**

### John Doe

### v.

### Concord Hospital

### No. 2018-CV-00448

### ORDER

Concord Hospital has filed a Motion to Reconsider this Court's Order of August 9, 2018, in which the Court held that a Petition of Writ of Habeas Corpus, brought by the Petitioner, John Doe[1] ("Doe"), was moot because the parties agreed at the hearing that the Petitioner was expected to be released from custody on August 3, 2018, the same day that the hearing was held. Concord Hospital has filed a Motion to Reconsider in which it recites that the Petitioner was in fact released on August 8, 2018, before the Court's Order on his Petition for a Writ of Habeas Corpus was ever issued. Doe is no longer in the custody of Concord Hospital. Therefore, the Petition is MOOT, and the Motion to Reconsider must be DENIED.

I

This Petition for a Writ of Habeas Corpus was filed on August 3, 2018, and a

---

[1] Doe has filed an Assented Motion to change the caption of this case to the pseudonym John Doe, and seal the prior pleadings. He argues that he has a reasonable fear that, whatever the outcome of this action, public identification will subject him to severe reputational harm and loss. See Doe v. Trustees of Dartmouth College, 2018 U.S.Dist. LEXIS 74066 *14 (May 2, 2018). The Court will GRANT the Motion with the caveat that a redacted copy of all pleadings, substituting Doe's name for the Petitioner's, shall be filed with this Court within 10 days of the date of this Order.

hearing was held on that same date. The hearing proceeded by offer of proof. No evidence was taken. Neither party addressed the issue of whether habeas corpus was available when an individual was detained by a private corporation, Concord Hospital, rather than a State agent. Although the Court did not address the issue in its Order, given the apparent agreement of the parties, the Court assumed, without deciding, that it had jurisdiction to entertain a Petition for a Writ of Habeas Corpus because Doe was being detained by a private actor that had been given authority to do so under State law.

The relevant facts were obtained by the offers of proof made on August 3, 2018. On July 20, 2018, Doe voluntarily admitted himself to the Concord Hospital psychiatric unit. On July 25, 2018, Doe became dissatisfied with the treatment services he was receiving and sought to discharge himself from Concord Hospital. Staff and other members of Concord Hospital drafted a Petition for a Certificate for Involuntary Emergency Admission ("IEA"). A copy of the Petition signed by Kavitha Kittu, M.D., was appended to Doe's Petition for a Writ of Habeas Corpus. Dr. Kittu certified that Doe was in such mental condition as a result of mental illness that he posed a serious danger to himself or others and, thereby, satisfied the criteria for involuntary admission set by RSA 135-C: 27. The narrative medical report recites that Doe presented to Concord Hospital with anxiety and distorted cognition. He reported that he has thought about suicide all his life with no specific plan or intent and that he has had some homicidal thoughts without regard to any specific people.

Doe's pleading also contains documents from Concord Hospital that reflect that on July 28, 2018, his IEA was "renewed." The IEA was "renewed" once again on July 31, 2018. The narrative report for that involuntary admission states that Doe had "suicidal

and homicidal ideation". The July 31, 2018, IEA Certificate stated that the Petitioner "will remain on IEA status due to lack of ability to care for self." The Petitioner alleged that he did not represent a danger to himself or others and that his continued confinement is unlawful and in violation of his right to due process of law. (Pet. ¶ 17.) Specifically, he alleged that as of the date of the filing, he had not been afforded a hearing to make a determination of whether there was probable cause for an involuntary commitment. (Pet. ¶ 11.)

Concord Hospital did not dispute that the Petitioner had been held since July 25, 2018, without having been provided a hearing that would allow an independent finder of fact to determine whether there was probable cause for an involuntary commitment. It represented, by offer of proof, that its medical staff believed that the Petitioner is in fact dangerous, and that he was examined on a daily basis in order to determine his continued dangerousness. Concord Hospital represented that it has a practice of filing new Petitions for an IEA Certificate every three days, to avoid the necessity for the hearing required by RSA 135-C:31, I because, as explained *infra*, there is no space available in facilities that care for those individuals who have been found by a court to meet the criteria for involuntary commitment.

II

The criteria for an involuntary emergency admission are set out in RSA 135-C: 27. By statute, the involuntary emergency admission of a person shall be to the State mental health services system under the supervision of the Commissioner of the Department of Health and Human Services. RSA 135-C: 28. However, because an involuntary emergency admission results in a drastic curtailment of an individual's liberty, the Legislature has

provided for procedural oversight of such admission. Under RSA 135-C: 31, I:

> Within 3 days after an involuntary emergency admission, not including Sundays and holidays, and subject to the notice requirements of RSA 135-C: 24, there shall be a probable cause hearing in the district court having jurisdiction to determine if there was probable cause for involuntary emergency admission. The burden shall be on the petitioner to show that probable cause existed. The court shall render its written decision as soon as possible after the close of the hearing, by not later than the end of the court's next regular business day.

At the hearing, Concord Hospital conceded that it had never provided the

Petitioner a hearing pursuant to RSA 135-C: 31, I even though he has been held on

successive IEA certificates since July 25, 2018. It stated that it has not done so because if

the Petitioner were determined by the District Court to be subject to involuntary

admission he would need to be sent to a "Designated Receiving Facility."[2] Concord

Hospital is not a Designated Receiving Facility, and all of the Designated Receiving

Facilities in the State are full.

According to Concord Hospital, because of the inability to house those subject to

involuntary admission in Designated Receiving Facilities, a practice has developed among

health care providers to file IEA Certificates every 3 days, thus resulting in confinement of

a person subject to a Petition for a Certificate of IEA for longer than 3 days without the

person ever having the hearing required by RSA 135-C: 31, I.

At the hearing held on Friday, August 3, 2018, it appeared that the IEA involving

the Petitioner had expired. Under those circumstances, the Petition seeking release from

present confinement was moot. However, the question of mootness in New Hampshire is

not subject to rigid rules, but is regarded as one of convenience and discretion. Batchelder

---

[2] A "Designated Receiving Facility" is defined in the New Hampshire DHHS Regulations as "a hospital-based psychiatric unit or a non-hospital based residential treatment program designated by the commissioner to provide care, custody and treatment to persons involuntarily admitted to the State health services system. DHHS regulations, Part He-M 405.02(f).

v. Town of Plymouth Zoning Board of Adjustment, 160 N.H. 253, 255–56 (2010). Where a case presents an issue capable of repetition, yet evading review, a New Hampshire Court may conclude that it is not moot and will be decided the matter on the merits. Fischer v. Superintendent, Strafford County House of Corrections, 163 N.H. 515, 518 (2012). Courts will review a question that is no longer a justiciable controversy where the issue involves a significant constitutional question or a significant public concern. Petition of Thayer, 145 N.H. 177, 182 (2000).

In the unique circumstances faced by the Court — where the Petitioner was lawfully held, but the Respondent's practice would, if followed, likely result in the Petitioner being illegally held the very next day — the Court believed it had jurisdiction to act. The Court recognized that no principle of res judicata or collateral estoppel would bar Concord Hospital from filing another new Petition for a Certificate of IEA, nor for that matter, continuing to file new Petitions for an IEA Certificates every three days, thereby denying the Petitioner his right to the hearing guaranteed by RSA 135-C:31, I.

Accordingly, the Court held that if Concord Hospital filed a new Petition for an IEA Certificate, the provisions of RSA 135-C: 31, I must be complied with. The Court ordered that after three days the Petitioner must be released or afforded the hearing mandated by statute. Concord Hospital could not simply file a new IEA certificate or "renew" the pending Certificate.

III

In its Motion to Reconsider, Concord Hospital outlines the steps it took to provide Doe with treatment after this Court's August 9, 2018, Order, and states that his "clinical and mental condition improved such that on August 8, 2018 it was determined that he no

longer required IEA and he was discharged home." (Mot. to Recons. ¶ 11.) The parties

never advised the Court that Doe had been released on August 8, 2018, and the Court

issued its Order on August 9, 2018; the Order may have been moot for that reason alone.

But despite the fact that Doe has been released, Concord Hospital filed a Motion to

Reconsider this Court's August 9, 2018, Order. In its Motion to Reconsider, it seeks that

the Court:

> Issue an Order that allows Concord Hospital to renew IEA certificates on
> patients who continue to meet the statutory requirements for IEA until said
> patients are admitted to a Designated Receiving Facility where a probable
> cause hearing will take place with the District Court.

(Mot. to Recons., Request B.)

However, the Court believes it has no jurisdiction to act because the relief requested by

Concord Hospital is far outside the scope of this Court's jurisdiction to grant a writ of

habeas corpus in accordance with RSA 534:1.

Habeas corpus is reserved for those questions that involve "fundamental freedoms

and occasions of pressing necessity where other remedies are inadequate or ineffective."

Springer v. Hungerford, 100 N.H. 503, 506 (1957). Such circumstances existed on August

3, 2018, where the Petitioner was held in custody pursuant to an IEA that would expire

that day, but Concord Hospital asserted the right to recommit the Petitioner by simply

filing a new IEA as soon as the old commitment order expired. But those circumstances do

not exist now, where the Petitioner has been released from Concord Hospital's custody.

It is true that the New Hampshire Supreme Court has stated that it has authority to

consider an appeal of a habeas corpus petition even though the petitioner will not realize a

tangible benefit by decision in his favor, where the parties raise significant constitutional

concerns and there is a public interest that militates in favor of the Court rendering a

decision on the merits. <u>Moody v. Cunningham,</u> 127 N.H. 550, 553 (1986). But that doctrine is not applicable here.

This Court has no authority to bind any other court in the State of New Hampshire. The Superior Court is a trial court, and can only decide the cases before it, and its orders are only binding on those parties. Moreover, Concord Hospital is not bound in any way by this Court's order of August 9, 2018, now that Doe is not restrained of his liberty.

The doctrine of res judicata is simply not applicable to habeas corpus petitions. The United States Supreme Court recognized that, at common law, the denial by a court or judge of an application for habeas corpus was not subject to res judicata and that "[a] person detained in custody might thus proceed from court to court until he obtained his liberty." <u>Sanders v. United States</u>, 373 US 1, 7 (1963) (quoting <u>Cox v. Hakes</u>, 15 A.C. 506, 527 (H.L. 1890)); <u>see also</u> <u>Petition of Moebus</u>, 148 F. 39, 40 (1ˢᵗ Cir. 1906) ("At common law, it was settled that a refusal by any judge to grant a writ of habeas corpus, or a refusal of any judge to discharge from custody a petitioner by, or in behalf of, whom such a writ had been granted, did not constitute res judicata, but that the petitioner was at liberty to apply to any other judge, and so on until the whole series of judges had been exhausted."). This common-law rule has long been recognized in New Hampshire. <u>See</u> <u>Gobin v. Hancock</u>, 96 N.H. 450, 451 (1951); <u>Sheehy v. Sheehy</u>, 88 N.H. 223, 226 (1936).

Similarly, the doctrine of nonmutual collateral estoppel is not applicable to Concord Hospital as a result of this Court's Order of August 9, 2018. The doctrine of collateral estoppel precludes a party to a prior action or a person in privity with such a party from relitigating any issue or fact actually litigated and determined in the prior action where the party to be estopped had a full and fair opportunity to litigate the issue.

See, e.g., Petition of Kalar, 162 N.H. 314, 320–21 (2011). The proceedings in this case were summary, because of the important liberty interest involved. Even a cursory review of the lengthy Objection to the Motion to Reconsider illustrates that there is far more to the factual underpinning of this case than a brief recitation provided by the parties at the hearing on August 3, 2018, in order for the Court to make the decision whether to order Doe's release.

In sum, Doe's case is moot. Doe has been released from custody. This Court's Order of August 9, 2018, is not res judicata nor may Concord Hospital be collaterally estopped by any findings the Court made in it. This Court's Order of August 9, 2018, does not bind any other court in the State of New Hampshire. It follows that the Motion to Reconsider must be DENIED.

**SO ORDERED**

_9/5/18_
DATE

_Richard B. McNamara_
Richard B. McNamara,
Presiding Justice

RBM/