# EXHIBIT D

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Merrimack Superior Court
163 North Main St./PO Box 2880
Concord NH 03302-2880

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

**File Copy**

Case Name: John Doe v Concord Hospital
Case Number: 217-2018-CV-00448

Enclosed please find a copy of the court's order of August 09, 2018 relative to:

ORDER

August 09, 2018

Tracy A. Uhrin
Clerk of Court

(485)
C: David Hugh Bownes, ESQ; Melissa M. Hanlon, ESQ; Marrielle Bilodeau Van Rossum, ESQ

NHJB-2503-S (07/01/2011)

# The State of New Hampshire

**MERRIMACK, SS**                                        **SUPERIOR COURT**

John Doe [REDACTED]

v.

**Concord Hospital**

No. 2018-CV-448

**ORDER**

John Doe [REDACTED] filed a Petition for a Writ of Habeas Corpus in this Court on August 3, 2018. He alleges, in substance, that he is being held unlawfully at Concord Hospital, and seeks release. At the hearing held on August 3, 2018, the parties represented that the Petition under which Mr. Doe [REDACTED] is being held would expire on that date. Under these circumstances, the Petition seeking release from his present confinement is MOOT and the Court need not issue the Writ. However, in light of the representations made by the parties at the hearing on August 3, 2018, the Court must address Petitioner's prospective rights. No principle of res judicata or collateral estoppel would bar Concord Hospital from filing another new Petition for a Certificate of Involuntary Emergency Admission ("IEA"). But if Concord Hospital files a Petition for a new IEA Certificate, the provisions of RSA 135-C: 31, I must be complied with. After 3 days, Petitioner must be released or provided the hearing provided by statute. Concord Hospital may not simply file a new Petition for IEA Certificate or "renew" the pending Certificate after the initial Petition expires.

I

A hearing was held on the afternoon of August 3, 2018, the date the Petition was filed. No evidence was presented, and the parties proceeded by offer of proof. However, it does not appear that there is any dispute as to facts relevant to the procedural claim made by Petitioner.

On July 20, 2018 Doe voluntarily admitted himself to the Concord Hospital psychiatric unit. On July 25, 2018 Doe became dissatisfied with the treatment services he was receiving and sought to discharge himself from Concord Hospital. Staff and other members of Concord Hospital staff drafted a Petition for a Certificate for Involuntary Emergency Admission ("IEA"). A copy of the Petition signed by Kavitha Kittu, M.D. was appended to Doe's Petition for a Writ of Habeas Corpus. Dr. Kittu certified that the Doe was in such mental condition as a result of mental illness that he posed a serious danger to himself or others, and thereby satisfied the criteria for involuntary admission set by RSA 135-C: 27. The narrative medical report recites that Doe presented to Concord Hospital with anxiety and distorted cognition. He reported that he has thought about suicide all his life with no specific plan or intent and that he has had some homicidal thoughts without regard to any specific people. He also reported that he has been a paranoid person all his life. The report states that Doe worked as a butcher and has a collection of knives and that he engaged in knife sharpening as a hobby. Doe reported that he has a collection of violent images of crime scenes and actions that he keeps in a separate folder in his computer, that he likes the hunter-gather lifestyle and that he owns a number of guns.

Doe's pleading also contains documents from Concord Hospital which reflect

that on July 28, 2018 his IEA was "renewed." The IEA was "renewed" once again on July 31, 2018. The narrative report for that involuntary admission states that [REDACTED] had "suicidal and homicidal ideation". The July 31, 2018 IEA Certificate stated that the Petitioner "will remain on IEA status due to lack of ability to care for self." Petitioner alleges that he does not represent a danger to himself or others and that his continued confinement is unlawful and in violation of his right to due process of law. Petition, ¶ 17. He alleges that as of the date of the filing, he had not been afforded a hearing to make a determination of whether there was probable cause for an involuntary commitment. Petition, ¶ 11.

Concord Hospital did not dispute that the Petitioner has been held since July 25, 2018 without having been provided a hearing which would allow an independent finder of fact to determine whether or not there is probable cause for an involuntary commitment. It represented, by offer of proof, that its medical staff believes that the Petitioner is in fact dangerous, and that he is examined on a daily basis in order to determine his continued dangerousness. Concord Hospital represented that it has a practice of filing new Petitions for an IEA Certificate every three days, to avoid the necessity for the hearing required by RSA 135-C:31, I because, as explained *infra*, there is no space available in facilities which care for those individuals who have been found by a court to meet the criteria for involuntary commitment.

II

The criteria for an involuntary emergency admission are set out in RSA 135-C: 27. By statute, the involuntary emergency admission of a person shall be to the State mental health services system under the supervision of the Commissioner of the Department of

Health and Human Services. RSA 135-C: 28. However, because an involuntary emergency admission results in a drastic curtailment of an individual's liberty, the Legislature has provided for procedural oversight of such admission. Under RSA-C: 31, I:

> Within 3 days after an involuntary emergency admission, not including Sundays and holidays, and subject to the notice requirements of RSA 135-C: 24, there shall be a probable cause hearing in the District Court to determine if there was probable cause for involuntary emergency admission. The burden shall be on the petitioner to show that probable cause existed. The court shall render its written decision as soon as possible after the close of the hearing, by not later than the end of the court's next regular business day.

Concord Hospital conceded that it has never provided Petitioner a hearing pursuant to RSA 135-C: 31, I even though he has been held on successive IEA certificates since July 25, 2018. It stated that it has not done so, because if the Petitioner were determined by the District Court to be subject to involuntary admission, he would need to be sent to a "Designated Receiving Facility".[1] Concord Hospital is not a Designated Receiving Facility, and all of the Designated Receiving Facilities in the State are full.

Concord Hospital represented that there is currently a backlog of 60 patients awaiting a bed in a Designated Receiving Facility and that it is understood in the health care community that the specific language of the statute cannot be complied with because of the lack of space in Designated Receiving Facilities. According to Concord Hospital, because of the inability to house those subject to involuntary admission in Designated Receiving Facilities, a practice has developed among health care providers to file IEA Certificates every 3 days, thus resulting in confinement of a person subject to a Petition for a Certificate of IEA for longer than 3 days without the person ever having the hearing

---

[1] A "Designated Receiving Facility" is defined in the New Hampshire DHHS Regulations as "a hospital-based psychiatric unit or a non-hospital based residential treatment program designated by the

required by RSA 135-C: 31, I.

Concord Hospital represented that it is necessary for it to proceed in this way, because its staff has determined that Petitioner is potentially homicidal or suicidal, thus presenting a risk to the public and arguably subjecting it to civil liability if it releases him. It also represented that to ensure that the Petitioner is not unreasonably confined, it is conducting daily evaluations of Petitioner to determine if he is still dangerous.

The Court is not unsympathetic to Concord Hospital; it is between Scylla and Charybdis; it must either release an individual it believes to be potentially suicidal and/or homicidal, resulting in potential harm to Petitioner and the community and exposing itself to potential civil liability, or it must violate the text, although not the intent, of the statute. However, the interests at stake in civil commitment proceedings- loss of liberty and social stigmatization- are substantial, and parallel those at risk in the criminal context. In re Scott L., 124 N.H. 327, 331 (1983). The New Hampshire Supreme Court has recognized that the liberty interest at stake in civil commitment procedures implicate the requirements of due process of law. In re Richard A., 146 N.H. 295, 298 (2001). It is true that persons subject to civil commitment are not entitled to the same level of due process protection from erroneous deprivation of liberty as individuals subject to incarceration for criminal wrongdoing, because the primary focus of an involuntary commitment proceeding is the mental condition and dangerousness of the person sought to be committed rather than determination of guilt or innocence. In re Scott L., 124 N.H at 331. Nonetheless, the provisions of RSA 135-C:31, which allow a person whose involuntary emergency admission is sought to have hearing at which a neutral and detached fact finder

---

commissioner to provide care, custody and treatment to persons involuntarily admitted to the State health

can consider whether he should be deprived of his liberty, are of constitutional dimension.

In order to comport with the State and federal requirements of due process, the New Hampshire Legislature has created a statutory scheme which allows an individual to contest erroneous deprivation of his liberty interest. The fundamental point of the procedures created by the Legislature is the individual's ability to challenge the commitment before an independent fact finder. In re Richard A., 146 N.H at 298-297. The procedure followed by Concord Hospital deprives the Petitioner of that right, albeit in Concord Hospital's view, for his own good, by depriving him of a hearing within 3 days of the involuntary admission. The Legislature has established a procedure for a person subject to an IEA to challenge that commitment; if, after the procedure is followed a court orders that an individual be placed in a Designated Receiving Facility, it is the obligation of the Executive Branch to see that the legislative mandate is carried out.

At the hearing held on Friday, August 3, 2018, it appeared that the IEA involving Petitioner had expired. Under these circumstances, the Petition seeking release from his present confinement is moot. However, the question of mootness in New Hampshire is not subject to rigid rules, but is regarded as one of convenience and discretion. Batchelder v. Town of Plymouth Zoning Board of Adjustment, 160 N.H. 253, 255-56 (2010). Where a case presents an issue capable of repetition, yet evading review, a New Hampshire Court may conclude that it is not moot and will be decided on the merits. Fischer v. Superintendent, Strafford County House of Corrections, 163 N.H. 515, 518 (2012). Courts will review a question which is no longer a justiciable controversy where the issue involves a significant constitutional question or issue a significant public concern. Petition of

---

services system. DHHS regulations, Part He-M 405.02(f).

Thayer, 145 N.H. 177, 182 (2000). This Petition raises such questions and concerns.

No principle of res judicata or collateral estoppel would bar Concord Hospital from filing another new Petition for a Certificate of IEA or for that matter, continuing to file new Petitions for an IEA Certificates every 3 days, thereby denying Petitioner his right to the hearing guaranteed by RSA 135-C:31, I. But the Petitioner's statutory and constitutional rights may not be vitiated by such a procedure. If Concord Hospital files a new Petition for an IEA Certificate, the provisions of RSA 135-C: 31, I must be complied with. After 3 days Petitioner must be released or provided the hearing provided by statute. Concord Hospital may not simply file a new IEA certificate or "renew" the pending Certificate.

**SO ORDERED**

8/9/18
DATE

Richard B. McNamara,
Presiding Justice

RBM/