# EXHIBIT E

# THE STATE OF NEW HAMPSHIRE
# JUDICIAL BRANCH
# NH CIRCUIT COURT

**MERRIMACK COUNTY**                                      6TH CIRCUIT - DISTRICT DIVISION - CONCORD

In the Matter of:
T.D. Case No.  429-2016-EA-01258
In the Matter of:
A.D. Case No. 429-2016-EA-01256
In the Matter of:
C.M. Case No. 429-2016-EA-01257

## SUPPLEMENTAL ORDER

The above cases are before the Court on Petitions for Involuntary Emergency Admission, pursuant to RSA 135-C.

Hearings were held on November 15, 2016 before Lauren V. Thorn, Esq., serving as Referee appointed pursuant to RSA 490-F:15.  The Referee, after considering the evidence, recommends in each case that a finding of probable cause for involuntary emergency admission be made pursuant to RSA 135-C:31 I.  After reading the recommendations, reviewing the facts alleged and findings made therefrom, I find that the Referee has applied the correct legal standard to the facts and order the above named Petitionees to be admitted to New Hampshire Hospital for a period not to exceed 10 days, not including Saturdays and Sundays.  In each of the above cases the Court notes that the Petitionee, contrary to RSA 135-C:29, was not "…immediately deliver[ed] to the receiving facility identified in the certificate.

In Re: T.D.

T.D. voluntarily presented himself at the Emergency Department of Concord Hospital on October 25, 2016, and, "…reported having thoughts about killing himself and others…".  On October 28, 2016, the first Petition and Certificate for Involuntary Emergency Admission (IEA) was completed by Petitioner James Kegley LICSW.  Mr. Kegley notes in his petitions that "…T.D. firmly and repeatedly requested to be discharged…".  On the same date, Sonya Lee Kelly, M.D. also noted that T.D. "[d]emands to leave voluntary unit."

Subsequent to the issuance of the first Involuntary Emergency Certificate, additional Certificates were issued on 10/31/16, 11/3/16, 11/6/16 and 11/9/16.  Each of those subsequent four Certificates included the notation that T.D. demanded or requested to leave the "voluntary unit".  T.D. was delivered to New Hampshire Hospital on November 10, 2016.  During the intervening 14 days T.D. was held at Concord Hospital, which is not a receiving facility pursuant to RSA 135-C:29.  T.D.'s hearing was held on November 15, 2016, 18 days after the first Certificate issued and 19 days after he first, "firmly and repeatedly requested to be discharged."

In Re: A.D.

A.D. was brought to Frisbie Memorial Hospital in Rochester by local police upon Petition of his father which recites that A.D. behaved in a threatening manner toward him and further threatened to

commit suicide. The first Involuntary Emergency Certificate was issued on October 30, 2016 and notes that A.D. was previously hospitalized in February 2016 at Franklin and then transferred to New Hampshire Hospital.

Subsequent to the issuance of the first Involuntary Emergency Certificate in this case, additional Certificates were issued on 11/2/16, 11/5/16, 11/8/16 and 11/11/16. He was delivered to New Hampshire Hospital on November 12, 2016. During the intervening 14 days, A.D. was held at Frisbie Memorial Hospital which is not a receiving facility pursuant to RSA 135-C:29. The hearing in A.D.'s case was held on November 15, 2016, 17 days after the issuance of the first Involuntary Emergency Certificate.

In Re: C.M.

C.M. was brought to Wentworth Douglas Hospital in Dover by local police. The first Involuntary Emergency Certificate was issued in this case on October 27, 2016. The Petitioner is a mental health agency clinician who recites behavior that was threatening to self and others and otherwise sets forth facts that are found to meet the criteria for Involuntary Emergency Admission set forth in RSA 135-C:27.

Subsequent to the issuance of the first Involuntary Emergency Certificate, additional Certificates were issued on 11/2/16, 11/5/16 and 11/8/16. He was delivered to New Hampshire Hospital on November 10, 2016. During the intervening 15 days C.M. was held at Wentworth Douglas Hospital which is not a receiving facility pursuant to RSA 135-C:29. The hearing in C.M.'s case was held on November 15, 2016, 20 days after the issuance of the first Involuntary Emergency Certificate.

RSA 135-C:28 requires that, "upon completion of an involuntary emergency certificate…any law enforcement officer shall…take custody of the person to be admitted and **immediately** deliver him to the receiving facility designated in the certificate…" (emphasis added). This Court is troubled by the delay in delivering these patients to a receiving facility. There is no construction of the word "immediately" under which a delay of 14/15 days could apply.

Accordingly, and in order to assure the safety, treatment and well-being of T.D., A.D. and C.M., the Court has issued the attached Notice of Decision. However, given the significant statutory and constitutional issues presented by these cases, the pressing public interest in those issues, the need to avoid the substantial likelihood of repeated litigation of the same issues and the further certainty, based on past history, that those issues will repeat themselves in the context of other cases and continue to evade review due to the extremely short duration of the underlying challenged actions, the Court will submit an Interlocutory Transfer Statement to the New Hampshire Supreme Court setting forth the issues raised by these cases for its determination.

Nothing in this Order shall interfere with the normal treatment process of any named Petitionee.

**So Ordered:**

Date: 11/16/16

Edwin W. Kelly, Administrative Judge

The Clerk shall transmit copies of this Supplemental Order and the underlying Involuntary Emergency Admission Notice of Decision electronically and in hard copy to the following individuals and entities. All recipients are advised that the Involuntary Emergency Admission Notice of Decision is confidential, the Supplemental Order is not.

Jeffrey A. Meyers, Commissioner DHHS
Joseph A. Foster, Attorney General
Dawn Touzin, Esq., Chief Legal Counsel DHHS
Frank Nachman, Esq., Chief Legal Counsel NHH
Earl S. Carrel, Esq. Counsel for the Petitionees
Concord Hospital, CEO
Frisbie Memorial Hospital, CEO
Wentworth Douglas Hospital CEO