# EXHIBIT F

CHAPTER 112
**HB 400 - FINAL VERSION**

8Mar2017... 0445h
05/11/2017   1626s
05/31/2017   2033s
05/31/2017   2139s
05/31/2017   2141s
05/31/2017   2143s
8Jun2017... 2254-EBA

2017 SESSION

17-0730
01/05

HOUSE BILL        *400*

AN ACT        requiring the department of health and human services to develop a 10-year plan for mental health services, relative to due process rights of persons subject to involuntary emergency admissions, relative to the Philbrook center, relative to reports of abuse and neglect, relative to the commission to study grandfamilies in New Hampshire, and extending the commission to review child abuse fatalities.

SPONSORS:        Rep. Danielson, Hills. 7

COMMITTEE:        Health, Human Services and Elderly Affairs

───────────────────────────────────────────────────────────────

AMENDED ANALYSIS

This bill:

I.  Requires the department of health and human services to develop a comprehensive 10-year plan for the mental health system.  The plan shall be submitted to the speaker of the house of representatives, the president of the senate, and the governor on or before July 1, 2018.

II.  Requires the commissioner of the department of health and human services to develop a plan with recommendations to ensure statutory and due process rights of patients subject to involuntary emergency admissions who are in emergency rooms at hospitals or in other facilities.

III.  Requires the commissioner of the department of health and human services to develop a plan to remove certain persons from New Hampshire hospital and to determine whether it is practical to relocate the office of professional licensure and certification.

IV.  Requires a founded report of abuse and neglect to be based on a preponderance of the evidence, inserts a definition of "unfounded but with reasonable concern," and permits the department of health and human services to issue a confidential letter of concern encouraging the person to seek family support services.

V.  Requires the commissioner to make a report relative to the anticipated cost of expanded services to be provided families under RSA 169-C:34.

VI.  Eliminates the staffing for the commission to study grandfamilies in New Hampshire.

VII.  Extends the commission to review child abuse fatalities.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Explanation:        Matter added to current law appears in ***bold italics.***
                    Matter removed from current law appears [in brackets and struckthrough.]

**CHAPTER 112**
**HB 400 - FINAL VERSION**
Matter which is either (a) all new or (b) repealed and reenacted appears in regular type.

**CHAPTER 112**
**HB 400 - FINAL VERSION**

8Mar2017... 0445h
05/11/2017   1626s                                                    17-0730
05/31/2017   2033s                                                    01/05
05/31/2017   2139s
05/31/2017   2141s
05/31/2017   2143s
8Jun2017... 2254-EBA

STATE OF NEW HAMPSHIRE

*In the Year of Our Lord Two Thousand Seventeen*

AN ACT    requiring the department of health and human services to develop a 10-year plan
for mental health services, relative to due process rights of persons subject to
involuntary emergency admissions, relative to the Philbrook center, relative to
reports of abuse and neglect, relative to the commission to study grandfamilies in
New Hampshire, and extending the commission to review child abuse fatalities.

*Be it Enacted by the Senate and House of Representatives in General Court convened:*

1    112:1  Purpose and Findings.  The general court finds that it is vitally important that children
2    in the state of New Hampshire be protected from all forms of abuse and that reforms are necessary
3    to ensure the safety of each child.  The general court also finds that the state of New Hampshire
4    faces a significant shortage in the state's capacity to provide our citizens with emergency mental
5    health assistance and long term treatment.  Accordingly, the general court hereby directs the
6    department of health and human services to take the following steps in order to provide for the
7    safety and welfare of the citizens of this state.

8    112:2  Department of Health and Human Services; Development of a 10-year Plan for Mental
9    Health Services Required.

10        I.  The department of health and human services, the bureau of behavioral health, and the
11    division of public health services shall develop a comprehensive 10-year plan for the mental health
12    system.  The 10-year strategy shall be founded on the principles of resiliency and recovery,
13    evidence-based practice, effectiveness, and efficiency.  In developing the plan, the department shall
14    consult with provider organizations and associations, advocates, and policymakers.  The department
15    shall also conduct a needs assessment which includes:

16        (a)  An inventory of existing services, including inpatient and outpatient services,
17    housing supports, and peer and family supports; and

18        (b)  A gap analysis to determine the need versus the current capacity of services.  The
19    analysis shall take into account wait-times for services.

20        II.  The plan shall:

21        (a)  Focus on a population health approach, particularly regarding the integration of the
22    mental health system with other systems of care, including, but not limited to medical services,
23    substance use services, and social services.

24        (b)  Provide specific recommendations and steps to eliminate or reduce to the greatest
25    extent practicable the number of persons waiting in hospital emergency departments and the

1  resources necessary to implement those actions.

2          (c)  Address a continuum of care, encompassing services and supports needed across the

3  lifespan including:

4                  (1)  Establishing performance metrics to determine effectiveness of services.

5                  (2)  Emergent models of care.

6                  (3)  Providing recommendations to policymakers on strategies to meet the goals of

7  the plan.

8          (d)  Develop a timeline representing the appropriate phasing of priorities.

9          III.  The commissioner of the department of health and human services shall submit the

10  plan to the speaker of the house of representatives, the president of the senate, and the governor on

11  or before July 1, 2018.  The department shall provide interim reports to the oversight committee on

12  health and human services, established under RSA 126-A:13, on or before October 1, 2017 and on or

13  before March 1, 2018.  Thereafter, the department shall report quarterly to the health and human

14  services  oversight  committee  providing  an  update  on  the  progress  of  the  development  and

15  implementation of the plan.

16          112:3  Plan Required for Statutory Due Process Rights of Certain Patients in Hospital

17  Emergency Rooms or Other Facilities.  The commissioner of the department of health and human

18  services shall develop a plan with recommendations to ensure timely protection of the statutory and

19  due process rights of patients subject to the involuntary emergency admissions process of RSA 135-

20  C who are awaiting transfer to a designated receiving facility.  The recommendations shall provide

21  for judicial review on a schedule consistent with the statutorily required schedule for persons who

22  have  been  admitted  to  a  designated  receiving  facility.   The  commissioner  shall  consult  with

23  representatives of the American Civil Liberties Union of New Hampshire, New Hampshire Hospital

24  Association, the New Hampshire Medical Society, the New Hampshire Psychiatric Society, the

25  superior  court  system,  the  New  Hampshire  Bar  Association,  the  National  Alliance  on  Mental

26  Illness,  and  the  Disability  Rights  Center-NH.   The  plan  shall  be  submitted  to  the  oversight

27  committee  on  health  and  human  services,  established  in  RSA  126-A:13,  for  approval  as  soon  as

28  practicable.  The commissioner shall make a report relative to the plan which shall be submitted to

29  the speaker of the house of representatives, the president of the senate, and the governor on or

30  before September 1, 2017.

31          112:4  Plan Required for Removal of Certain Persons From New Hampshire Hospital; Use of

32  Philbrook Center.  The commissioner of the department of health and human services shall by

33  November 1, 2017 develop a plan to safely remove the remaining 24 youths from the New

34  Hampshire  hospital  and  to  ensure  that  they  continue  to  receive  the  care  they  need.   The

35  commissioner shall also examine the practicability of relocating the office of professional licensure

36  and certification, established in RSA 310-A, to another state building to allow the Philbrook center

37  to be used to accept certain persons from the New Hampshire hospital.  The commissioner shall

CHAPTER 112
HB 400 - FINAL VERSION
- Page 3 -

1   make a report relative to the plan and the relocation of the office of professional licensure and

2   certification which shall be submitted to the speaker of the house of representatives, the president

3   of the senate, the chairs of the house and senate committees having jurisdiction over health and

4   human services, and the governor on or before November 2, 2017.

5      112:5  Child Protection Act; Definitions; Founded Report.  Amend RSA 169-C:3, XIII-a to read as

6   follows:

7         XIII-a.  "Founded report" means a report made pursuant to this chapter for which the

8   department finds [probable cause to believe] *by a preponderance of the evidence* that the child

9   who is the subject of such report is abused or neglected.

10      112:6  New Paragraph; Child Protection Act; Definition of Unfounded but with Reasonable

11   Concern.  Amend RSA 169-C:3 by inserting after paragraph XXVIII the following new paragraph:

12         XXIX.  A report that is "unfounded but with reasonable concern" means a report made

13   pursuant to this chapter for which the department determines that there is probable cause to

14   believe the child was abused or neglected, but for which there is insufficient evidence to establish by

15   a preponderance of the evidence that the child was abused or neglected.

16      112:7  Child Protection Act; Duties of the Department of Health and Human Services;

17   Administrative Review and Letter of Concern; When Required.  Amend RSA 169-C:34, II to read as

18   follows:

19         II.  For each report it receives, the department shall promptly perform a child protective

20   investigation to:

21             [(i)] *(a)*  Determine the composition of the family or household, including the

22   name, address, age, sex*,* and race of each child named in the report, and any siblings or other

23   children in the same household or in the care of the same adults, the parents or other persons

24   responsible for their welfare, and any other adults in the same household;

25             [(ii)] *(b) Determine whether any person in the same family or*

26   *household was named in a prior report of abuse or neglect, and, if there are 2 or more*

27   *prior unfounded or unfounded but with reasonable concern reports involving any family*

28   *or household member, conduct an administrative review of all identified reports;*

29          *(c)*  Determine whether there is probable cause to believe that any child in the family or

30   household is abused or neglected, including a determination of harm or threatened harm to each

31   child, the nature and extent of present or prior injuries, abuse*,* or neglect, and any evidence thereof,

32   and a determination of the person or persons apparently responsible for the abuse or neglect;

33             [(iii)] *(d)*  Determine the immediate and long-term risk to each child if the

34   child remains in the existing home environment; and

35             [(iv)] *(e)*  Determine the protective treatment, and ameliorative services that

36   appear necessary to help prevent further child abuse or neglect and to improve the home

37   environment and the parents' ability to adequately care for the children.

1    ***II-a.  The department may issue a confidential letter of concern to a person or***
2    ***persons responsible for the safety and welfare of the child that although there is***
3    ***insufficient evidence to substantiate a finding of abuse or neglect or of unfounded but***
4    ***with reasonable concern, the department encourages the person or persons responsible for***
5    ***the safety and welfare of the child to seek family support services and provide contact***
6    ***information to obtain such services.***

7    ***II-b.  The department may make a confidential determination of unfounded but***
8    ***with reasonable concern.***

9    112:8  Duties of the Department.  Amend RSA 169-C:34, VII to read as follows:

10    VII.   If the child's parents refuse to allow a social worker or state employee on their
11    premises as part of the department's investigation, and the department has probable cause to
12    believe that the child has been [~~sexually molested, sexually exploited, intentionally physically~~
13    ~~injured so as to cause serious bodily injury, physically injured by other than accidental means so as~~
14    ~~to cause bodily injury, a victim of a crime, abandoned,~~] ***abused*** or neglected, the department shall
15    seek a court order to enter the premises.  If the court finds probable cause to believe that the child
16    has been abused or neglected [~~in the manner described in this paragraph~~], the court shall issue an
17    order permitting a police officer, juvenile probation and parole officer, or child protection service
18    worker to enter the premises in furtherance of the department's investigation and to assess the
19    child's immediate safety and well-being.   Any juvenile probation and parole officer or child
20    protection service worker who serves or executes a motion to enter issued under this paragraph
21    shall be accompanied by a police officer.

22    112:9  Records Management of Abuse and Neglect Reports.  Amend RSA 169-C:35-a, III to read
23    as follows:

24    III.   The department shall retain a founded report ***or unfounded but with reasonable***
25    ***concern report*** for 7 years from the date that the department closes the case, after which time, the
26    department shall delete or destroy all electronic and paper records of the report.

27    112:10  Report on Anticipated Cost of Expanded Services.  The commissioner of the department
28    of   health and human services shall make a report detailing the anticipated cost of expanded
29    services to be provided under RSA 169-C:34, II-a and II-b, which shall be submitted to the speaker
30    of the house of representatives, the president of the senate, the chairpersons of the house and
31    senate committees having jurisdiction over health and human services, and the governor on or
32    before November 2, 2017.

33    112:11  Commission to Study Grandfamilies in New Hampshire.  Amend RSA 170-G:17, III to
34    read as follows:

35    III.   Members of the commission shall elect a chairperson from among the members.  The
36    first meeting of the commission shall be called by the first-named senate member.  The first meeting
37    of the commission shall be held within 30 days of the effective date of this section.  Seven members

1 of the commission shall constitute a quorum. [~~The senate health and human services committee~~
2 ~~staff shall provide clerical, administrative, and research services to the commission as may be~~
3 ~~needed.~~]

4 112:12  Contingency.  If SB 148 of the 2017 regular legislative session becomes law, section 11 of
5 this act shall take effect at 12:01 am on the date SB 148 becomes law.  If SB 148 does not become
6 law, section 11 of this act shall not take effect.

7 112:13  Commission to Review Child Abuse Fatalities; Report Date Extended.  Amend RSA 169-
8 C:39-k, V to read as follows:

9      V.  The commission shall submit an interim report of its findings and any recommendations
10 for proposed legislation to the president of the senate, the speaker of the house of representatives,
11 the senate clerk, the house clerk, the governor, and the state library on or before November 1, 2015.
12 The commission shall submit a final report of its findings and recommendations on or before June
13 30, [~~2017~~] ***2018***.

14 112:14  Commission to Review Child Abuse Fatalities; Repeal Date Extended.  Amend  2015,
15 127:6,  II as amended by 2016, 201:2 and 2016, 229:3 to read as follows:

16      II.  Section 5 of this act shall take effect June 30, [~~2017~~] ***2018***.

17 112:15  Review by Oversight Committee.

18      I.  On or before June 30, 2018, the oversight committee on health and human  services,
19 established in RSA 126-A:13, shall review, evaluate, and report on whether measures taken in
20 accordance with the provisions of this act have:

21           (a)  Reduced the waiting list and waiting times for designated receiving facilities.

22           (b)  Resulted in the referral and receipt of services at the appropriate level of care and in
23 a timely manner.

24           (c)  Improved the responsiveness of the state, payers, and providers to customer needs.

25           (d)  Allowed the mental health medical supervisor to adequately assist in the mental
26 health triage process.

27      II.  The committee shall also include a review and comparison of the cost and benefits of
28 other models of mental health triage and shall make a report including any recommendations.

29 112:16  Effective Date.

30      I.  Section 3 of this act shall take effect July 1, 2017.

31      II.  Section 4 of this act shall take effect July 2, 2017.

32      III.  Section 11 of this act shall take effect as provided in section 12 of this act.

33      IV.  The remainder of this act shall take effect upon its passage.

Approved: June 14, 2017

Effective Date:
I. Section 3 effective July 1, 2017
II. Section 4 effective July 2,  2017

**CHAPTER 112**
**HB 400 - FINAL VERSION**
**- Page 6 -**

III. Section 11 effective as provided in section 12
IV. Remainder effective June 14, 2017

**CHAPTER 112**
**HB 400 - FINAL VERSION**