# EXHIBIT G

THE STATE OF NEW HAMPSHIRE
SUPREME COURT

No. 2016-0618

In re T.D., A.D., and C.M.

## NEW HAMPSHIRE HOSPITAL'S MOTION FOR SUMMARY DISPOSITION

The New Hampshire Hospital ("NHH"), by and through its counsel, the New Hampshire Attorney General, submits this motion for summary disposition on the grounds that this Rule 9 interlocutory transfer seeks an advisory opinion from this Court in violation of Part II, Article 74 of the New Hampshire Constitution. For the reasons stated below, this Court should either summarily dismiss the interlocutory transfer for lack of jurisdiction pursuant to Supreme Court Rule 25, or decline to accept the interlocutory transfer.

1. On November 17, 2016, Honorable Edwin W. Kelly, Administrative Judge of the Circuit Court, filed an Interlocutory Transfer Statement seeking an opinion from this Court on six questions of law relating to the statutory process for involuntary emergency admissions under RSA 135-C:28. Judge Kelly filed the statement as an interlocutory transfer without ruling under Supreme Court Rule 9.

2. While Rule 9 requires an interlocutory transfer statement to include the signature of the trial court transferring the question, *see* Sup. Ct. R. 9(1)(e), the statement is to be filed by a party to the case, not the trial court judge, *see* Sup. Ct. R. 9(3) ("The *moving party* shall file the original and 8 copies of the interlocutory transfer . . . .") (emphasis added).

*and action by*, the body entitled to the advice in the *course of its duty*." *Id.* (citation omitted) (emphasis in original).

5. Judge Kelly asserts that the transferred questions present "issues of significant statutory and constitutional dimensions." Interlocutory Transfer Statement, p. 11. While that may be true, this Court has recognized the limits of its constitutional authority, stating:

> All across our State and nation, lawyers daily are faced with important legal questions which they would prefer to have definitively answered by an appellate court. Our constitutional republic, however, confines the judiciary to deciding cases and not to serving as a "super law firm," no matter how high the stakes or how important the question.

*In re Public Serv. Co.*, 125 N.H. at 598. Regardless of the importance of the questions raised by Judge Kelly, this Court lacks the authority to render an opinion on those questions outside the context of a concrete case or controversy.

6. Finally, Judge Kelly's reliance on *Royer v. State Dept. of Employment Sec.*, 118 N.H. 673, 675 (1978) is misplaced. *Royer* dealt with the issue of mootness in a case where the issues were litigated by the parties in the proceedings below. *Id.* In contrast, here Judge Kelly has raised the transferred questions himself. "It is the province of judicial power . . . to decide private disputes between or concerning persons," *Merrill v. Sherburne*, 1 N.H. 199, 204 (1818) (citation and quotation marks omitted), not to make "a prospective determination . . . without notice and opportunity of hearing given to persons whose interests may be involved in the facts and the law of a particular case," *In re School-Law Manual*, 63 N.H. 574, 575 (1885). "The inability of a judge to be of counsel to any party in matters brought before him as judge . . . results from an

3

WHERFORE, New Hampshire Hospital respectfully requests that this honorable Court:

    A. Summarily dismiss this Rule 9 interlocutory transfer;

    B. Decline to accept the appeal; and

    C. Grant other and further such relief as is necessary.

Respectfully submitted,

NEW HAMPSHIRE HOSPITAL

By and through its attorney,

JOSEPH A. FOSTER
ATTORNEY GENERAL

December 7, 2016

Anne M. Edwards, Bar No. 6826
Associate Attorney General
Office of the Attorney General
33 Capitol Street
Concord, NH 03301
(603) 271-3650

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served First Class mail postage prepaid on this day to Judge Edwin W. Kelly

December 7, 2016

Anne M. Edwards

THE STATE OF NEW HAMPSHIRE
SUPREME COURT

No. 2016-0618

In re T.D., A.D., and C.M.

## NEW HAMPSHIRE HOSPITAL'S AMENDED CERTIFICATE OF SERVICE FOR MOTION FOR SUMMARY DISPOSITION

Respectfully submitted,

NEW HAMPSHIRE HOSPITAL

By and through its attorney,

JOSEPH A. FOSTER
ATTORNEY GENERAL

December 9, 2016

_____
Anne M. Edwards, Bar No. 6826
Associate Attorney General
Office of the Attorney General
33 Capitol Street
Concord, NH 03301
(603) 271-3650

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served First Class mail postage prepaid on Thursday, December 8, 2016, to: Earl S. Carrell, Esquire; James Kegley, LICSW; John Dixon; June Tenyenhuis; Gregory J. Walker, FACHE, President/CEO; John Marzinzik, President/CEO, Robert P. Steigmeyer, President/CEO. As per the original Certificate of Service, a copy was mailed to Judge Edwin W. Kelly on Wednesday, December 7, 2016.

December 9, 2016

_____
Anne M. Edwards