```
                UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

John Doe[1]

    v.                                        Civil No. 18-cv-1039-JD
                                                Opinion No. 2019 DNH 085

Commissioner, New Hampshire
Department of Health and
Human Services,[2] et al.

### O R D E R

While he was being detained involuntarily at Southern New Hampshire Medical Center following a suicide attempt, John Doe filed suit, seeking a writ of habeas corpus against the Medical Center for his release and declaratory and injunctive relief from the New Hampshire Department of Health and Human Services ("NHDHHS") and the New Hampshire Circuit Court, District Division ("Court").[3] Three days later, Doe voluntarily dismissed his claim against the Medical Center, Count VI. The Medical Center has moved to dismiss all claims against it. A group of

---

[1] Doe's motion to proceed under a pseudonym has been granted.

[2] The Commissioner is sued only in his official capacity, making the NHDHHS the defendant. See Kentucky v. Graham 473 U.S. 159, 166 (1985).

[3] The suit was filed as a putative class action, and Doe has moved to certify a class "of all persons who are currently being and will be after the date of this Class Action Complaint involuntarily detained pursuant to RSA 135-C:27-33 while awaiting involuntary admission to a DRF." Doc. no. 3, at 3.

hospitals, including the Medical Center, have moved to intervene in the case.

Background

In the complaint, which was filed on November 10, 2018, Doe alleges that he is twenty-six years old and is married with two children. He is the breadwinner for the family. He was admitted to the emergency room at the Medical Center on November 5, 2018, following a suicide attempt. Before he was admitted, Doe explained that he needed help but also needed to work so that being admitted for an extended period would cause financial harm to his family.

Because hospital staff thought Doe would not agree to being admitted to the hospital for treatment, the Medical Center completed a Petition and Certificate for Involuntary Emergency Admission ("Certificate") under RSA 135-C:27-33. He was then held at the Medical Center in a room with a TV but no windows. He alleges that he should have had a probable cause hearing by November 8, 2018. No hearing was held. Instead, the Medical Center simply renewed the Certificate. When the complaint was filed, Doe did not know when he would be released.

The complaint is brought against the NHDHHS, the Medical Center, and the Court. Doe alleges that "[t]here is a systemic pattern and practice in New Hampshire where people who may be

experiencing mental health crises are involuntarily detained in hospital emergency rooms without the State providing them with any due process, appointed counsel, or opportunity to contest their detention." Complaint, doc. 1, at 2. He states that the involuntary detainer is knowns as "psychiatric boarding." Id. He further alleges that as of October 31, 2018, there were approximately forty-six adults and four children being involuntarily detained through psychiatric boarding in New Hampshire.

Patients are detained in this manner while waiting admission to a designated receiving facility under RSA 135-C:27-33. Doe contends that NHDHHS interprets RSA 135-C:31 to require due process only after a patient is admitted to a designated receiving facility. For that reason, patients may be held involuntarily in hospital emergency rooms for as long as three weeks without receiving a due process hearing. Doe contends that NHDHHS is required, both by the constitution and by the applicable statutes, to provide a timely due process hearing to patients who are involuntarily detained.

Doe clarifies that he is "not asking the Court to remedy the [designated receiving facility] waitlist or address the State's failure to 'immediately deliver' individuals to [designated receiving facilities] under RSA 135-C:29—a problem that is complex and beyond the scope of this narrow lawsuit."

Id., at 4. Instead, Doe's claims are intended "to require the State to perform its constitutionally-required obligation to provide due process protections to individuals involuntarily detained in emergency rooms." Id. In a footnote, Doe acknowledges that the due process issue could be resolved with video conferencing that is coordinated with the Circuit Court System. Id., at n.2. Doe states that NHDHHS has a plan to set up video conferences for due process hearings but "hospitals have resisted efforts to provide due process to those they have elected to involuntarily detain." Id. Doe further explains that the hospitals backed out of a pilot project in 2017 that provided for hearings through a video link and telephone. Id. at 17-18. The hospitals cited their concerns about security, liability, and staffing. Id.

Doe brings a class action in order to address the systemic problems of emergency mental health care in New Hampshire and to require change rather than achieve individual relief for himself.[4] He brings four claims. Three claims are designated as

---

[4] By way of an example of what he seeks to avoid, Doe cites an order issued by the Merrimack County Superior Court. John Doe v. Concord Hospital, No. 2018-CV-00448 (N.H. Sup. Ct. Sept. 5, 2018). In that case, the plaintiff sought a writ of habeas corpus to force Concord Hospital to release him. Following a hearing, the court found the claim moot because Concord Hospital planned to release Doe. The court noted, however, that RSA 135-C:31 precluded Concord Hospital from filing a new Certificate without first providing due process. Concord Hospital sought reconsideration, asking the court to issue a new order that

4

class action claims, and the fourth seeks a writ of habeas corpus to require NHDHHS and the Medical Center to release him. He does not state the relief he seeks in each count but instead requests relief separately at the end of the complaint.

In Count I, Doe brings a claim under 42 U.S.C. § 1983 against NHDHHS, the Medical Center, and the Circuit Court, District Division alleging that the practice of involuntary detention violates the procedural due process requirements of the Fourteenth Amendment. He seeks a declaratory judgment that the cited practice violates the Fourteenth Amendment and an injunction to stop the practice. Count II claims that the same practice violates the procedural due process requirements of Part I, Article 15, of the New Hampshire Constitution and seeks a declaratory judgment and injunction. In Count III, Doe alleges that the defendants violated RSA 135-C:31, I by failing to provide due process to detained individuals until after they are transferred to a designated receiving facility and seeks a declaratory judgment and an injunction to stop that practice.

---

would authorize the hospital to renew the Certificate without a probable cause hearing. The court declined the relief sought by the hospital due to a lack of jurisdiction but held that its rulings for purposes of the habeas corpus petition applied only to the hospital's actions with respect to Doe.

I.  Claims Against the Medical Center

Doe voluntarily dismissed Count IV, which sought a writ of habeas corpus to require NHDHHS and the Medical Center to release him.  Doc. 6.  The Medical Center then moved to dismiss all claims brought against it.  In support, the Medical Center stated that Doe only sought relief against it in Count IV, which was dismissed.

In response, Doe stated that he "has not brought formal claims in Counts I, II, and III against [the Medical Center}."  Doc. no. 49, at 1.  Instead, Doe theorizes that under Federal Rule of Civil Procedure 19, the Medical Center was included as a party to give "a necessarily interested party a seat at the table so that the Court can judiciously fashion relief."  Id. at 2.  Doe states that there are "no formal claims against [the Medical Center] for this Court to dismiss."  Id.

Doe further states that he assents to dismissing the Medical Center from the suit, "as a Rule 19(a) party," with conditions.  He asks that dismissal be without prejudice, that the Medical Center be allowed to intervene as a plaintiff, and that the Medical Center agrees that it will be bound by the court's orders.  Doe represents that the Medical Center agreed to his conditions.

Doe admits that he no longer has a claim against the Medical Center, and he apparently no longer seeks relief from

the Medical Center. As a result, Doe's assent to the motion is unnecessary. The Medical Center's motion to dismiss is granted.

II. Motion to Intervene

Twenty New Hampshire hospitals and the New Hampshire Hospital Association, collectively "the Hospitals," move to intervene as plaintiffs in this case.[5] In support, the Hospitals assert that they have a right to intervene under Federal Rule of Civil Procedure 24(a)(2) and alternatively ask that they be permitted to intervene under Rule 24(b). The Hospitals filed their complaint in intervention which alleges three claims against the NHDHHS and the Court.[6]

The Hospitals claim that the NHDHHS's policy with respect to involuntarily admitted patients effects an unlawful taking of the Hospitals' property in violation of the Fifth and Fourteenth

---

[5] The court notes that the hospitals provide their citations to authority and supporting evidence in footnotes. That is a form that is generally used for law review articles rather than court filings. See LR 5.1(a); The Bluebook; A Uniform System of Citation R. 1.1(a), at 57 (Columbia Law Review Ass'n et al. eds., 20th ed. 2015). The Local Rules in this district provide page limits, and an excessive use of footnotes undermines the purpose of those limits. See LR 7.1(a)(3). Hereafter, citations should be included in the body of the filing, following the text they support.

[6] Although the Hospitals represent in their memorandum that the complaint was filed with the memorandum as Exhibit 1, it was not. Instead, it was docketed separately as "Exhibit 4," which is docket number 22.

Amendments and the New Hampshire Constitution, violates their rights to due process in violation of the Fourteenth Amendment, and violates provisions of RSA chapter 135-C. The Hospitals name the Court as a necessary party. They seek nominal damages and an injunction.

Although the NHDHHS initially assented to the motion to intervene, it then filed a notice that it had withdrawn assent because the Hospitals intended to file a complaint with their own claims against the NHDHHS. The NHDHHS and the Court subsequently filed a joint response in which they state that they again assent to the motion to intervene but "do not waive any argument regarding the substance of the Hospitals' complaint in intervention." Doc. 47, at 1. Doe agrees that the Hospitals are necessary parties to allow him to obtain the relief he seeks and takes no position on the scope of the Hospitals' own claims.

A. Standard

The court must allow a party to intervene as a matter of right when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Separated into distinct

elements, moving parties must "demonstrate that (1) their motion is timely; (2) they have an interest related to the property or transaction that forms the foundation of the ongoing action; (3) the disposition of the action threatens to impair or impede their ability to protect their interest; and (4) no existing party adequately represents their interest." Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll., 807 F.3d 472, 474 (1st Cir. 2015). In applying the requirements, the court must balance the factors in light of the particular factual circumstances of the case." Id.

Alternatively, the court may permit parties to intervene if their motion is timely and they have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). For purposes of permissive intervention, the court must consider whether that would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

B. Discussion

The Hospitals move to intervene as a matter of right to litigate their claims that challenge the state's use, under RSA chapter 135-C, of their emergency rooms to hold patients who are experiencing emergency mental health crises. They contend that their intervention is timely because the defendants have not yet

9

answered or filed another responsive pleading. They also contend that they have a substantial interest in the case because the state's practice under RSA chapter 135-C involves their rights and property and compels the Hospitals to act under the statutory requirements. They also assert that Doe cannot adequately protect their interests because their interests are different from the interests of involuntarily admitted patients. The Hospitals also move, in the alternative, for permissive intervention. As is noted above, the other parties do not object to the motion to intervene.

The Hospitals agree with Doe's interpretation that RSA 135-C:29 requires NHDHHS to transport such patients immediately to a designated receiving facility and that RSA 135-C:31 requires a probable cause hearing within three days after such patients are subject to an involuntary emergency admission. The Hospitals further contend that they are required by NHDHHS to detain such patients in violation of their rights and in facilities that are not equipped to provide mental health treatment. In their intervention complaint, the Hospitals allege that those practices violate RSA chapter 135-C and the Hospitals' constitutional rights not to be subject to unlawful takings and not to have their property taken without due process.

The Hospitals have met the requirements for intervention as a matter of right. In addition, even if that were not the case,

their claims share the same facts and some of the same legal questions that are raised by Doe. Therefore, the Hospitals may intervene in this action.

## Conclusion

For the foregoing reasons, the Medical Center's motion to dismiss (document no. 20) is granted.

The Hospitals' motion to intervene as plaintiffs (document no. 21) is also granted. The Hospitals shall docket immediately their complaint, which is now Exhibit 4, docket number 22, as a complaint.

SO ORDERED.

                                  *Joseph A. DiClerico, Jr.*
                                  Joseph A. DiClerico, Jr.
                                  United States District Judge

May 14, 2019

cc: Gilles R. Bissonnette, Esq.
    Kelvin A. Brooks, Esq.
    Lindsey B. Courtney, Esq.
    Aaron J. Curtis, Esq.
    Anthony Galdieri, Esq.
    Samuel R.V. Garland, Esq.
    Henry Klementowicz, Esq.
    Heather Dunion Neville, Esq.
    Michael D. Ramsdell, Esq.
    Scott Edward Sakowski, Esq.
    Aaron J. Shaddy, Esq.
    Theodore E. Tsekerides, Esq.
    Lara E. Veblen Trager, Esq.