UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN DOE, CHARLES COE, JANE ROE, and DEBORAH A. TAYLOR AS GUARDIAN OF SCOTT STEPHEN JOHNSTONE, Individually and on behalf of themselves and all others similarly situated<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY A. MEYERS, Commissioner of the New Hampshire Department of Health and Human Services<br><br>    Defendant<br><br>and<br><br>SOUTHERN NEW HAMPSHIRE MEDICAL CENTER<br><br>CONCORD HOSPITAL,<br><br>ST. JOSEPH'S HOSPITAL, AND<br><br>MEMORIAL HOSPITAL<br><br>    Defendants<br><br>and<br><br>DAVID D. KING, Administrative Judge of the New Hampshire Circuit Court, in his official capacity,<br><br>    Necessary Third-Party Pursuant To Rule 19(a) | Case No. 1:18-CV-01039-JD |

1

## MEMORANDUM OF LAW IN SUPPORT OF THE
## MOTION TO DISMISS

The Honorable David D. King ("Judge King") through his counsel, the Office of the Attorney General, submits this memorandum of law in support of his motion to dismiss the *Amended Class Action Complaint for Declaratory and Injunctive Relief and Complaint for Damages*, dated July 19, 2019.

The original plaintiff sued the N.H. Dept. of Health and Human Services ("DHHS") and several hospitals, naming the N.H Circuit Court as a "necessary party." ECF No. 1 (Original Complaint). The N.H. Circuit Court moved to dismiss the complaint based on, among other things, Eleventh Amendment immunity. ECF No. 64 and 64-1. The plaintiff then raised the prospect of amending the complaint for reasons related to class certification and for the purpose of adding claims against several hospitals. The plaintiff never indicated that an issue existed with respect to the identity of the N.H. Circuit Court as the so-called "necessary party." In the amended complaint, the newly added group of plaintiffs indeed focused attention on additional defendants and class certification – but the part of the caption related to the N.H. Circuit Court changed as well. ECF No. 78. The suit now names "DAVID D. KING, Administrative Judge of the New Hampshire Circuit Court, in his official capacity." ECF No. 78. When identifying parties, the complaint describes Judge King has having acted "under color of state law at all times." ECF No. 78 ¶10 (Page 10). No summons issued for service on Judge King, no service has been made, and available information indicates no service is anticipated. In terms of being a party, Judge King, it seems, simply materialized with all procedural requirements for service upon a party having been bypassed.

The plaintiffs' only justification for inclusion of Judge King rests on their claim that probable cause hearings will necessarily involve the N.H. Circuit Court. The N.H. Circuit Court

system has already demonstrated a willingness to address issues associated with probable cause hearings related to involuntary committals. *See* ECF No. 1 at ¶¶ 33-35 (Original Complaint, pgs. 15-16). It has also shown the ability to work creatively to achieve just results in other contexts; for instance, by allowing preliminary review of the commitment of wards using a "paper" process. RSA 464-A:25 (providing for initial review of notice of admission by probate court). Implementing innovative procedures such as these must involve, at various times, the General Court through the enactment of legislation and the budget process, the Joint Legislative Fiscal Committee, and the Governor and Executive Council. The N.H. Circuit Court is committed to providing appropriate process related to involuntary commitments within the state courts and will continue to work toward that end, but it is improper for the plaintiffs to ask the federal court to mandate the Circuit Court to undertake such actions for the reasons discussed below.

Judge David D. King requests that the present action be dismissed against him under both Fed. Rule. Civ. Pro. 12(b)(1) and 12(b)(6) for the following reasons:

- No service has or can be made upon him;
- Eleventh Amendment immunity precludes suit;
- The federal court cannot issue the relief anticipated; and,
- Judge David D. King is not a necessary party.

### **STANDARD OF REVIEW**

To survive a motion to dismiss, the alleged actionable conduct and claims to relief must be plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moore v. Mortg. Elec. Regis. Sys.*, 848 F. Supp. 2d 107, 115 (D.N.H. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The court "must accept as true all

3

well-pleaded facts set forth in the complaint and must draw all reasonable inferences in the plaintiff's favor." *Moore*, 848 F. Supp. 2d at 115.

A motion asserting lack of subject matter jurisdiction under the Eleventh Amendment based on sovereign immunity is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *Wang v. N.H. Bd. of Regist. in Med.*, 55 F.3d 698, 701, n.3 (1st Cir. 1995). When faced with a motion to dismiss under Rule 12(b)(1), the plaintiff, as the party invoking the court's jurisdiction, has the burden to establish by competent proof that such jurisdiction exists. *See Bank of New Hampshire v. United States*, 115 F. Supp. 2d 214, 215 (D.N.H. 2000).

## LEGAL ARGUMENT

### I. The Plaintiffs Have Not Served Judge King

No service has been made on Judge King, no summons has been issued, and the plaintiffs have made no attempt to secure proper service. Therefore, Judge King should either not be recognized as a party or should be dismissed from this case. Even if deficiencies in service are corrected, Judge King must be dismissed from the case for the reasons described below.

### II. The Plaintiffs' Claims Are Barred by the Eleventh Amendment to the U.S. Constitution and Sovereign Immunity

"The 11th Amendment prohibits the commencement or prosecution of any suit against one of the United States by citizens of another state or citizens or subjects of any foreign state." *Ex Parte Young*, 209 U.S. 123, 149 (1908). "It [also] applies to a suit brought against a state by one of its own citizens." *Id*. at 150. Several cases refer to this prohibition as jurisdictional in nature. *Edelman v. Jordan*, 415 U.S. 651, 677–78 (1974). No matter how described, a state or state entity cannot be required to appear in federal court without the state's consent absent an exception to Eleventh Amendment immunity. *See Ex Parte Young*, 209 U.S. at 149-150. Having been named only as a "necessary party," none of the exceptions to immunity could

possibly apply to Judge King in this case.  In other words, Judge King cannot be found to have violated any federal law, state, or federal constitution.  Therefore, unless Judge King consented to participation, which he has not done, he is not properly a party to the suit.

Although Eleventh Amendment immunity can be raised at any time (*Acevedo Lopez v. Police Dep't of Com. Of Puerto Rico*, 247 F.3d 26, 28 (1st Cir. 2001)), Judge King asks this court to dismiss him from the case now to avoid any possible "waste[ of] judicial resources, burden[ on] jurors and witnesses, and [] substantial costs upon the litigants" and to ensure that a later claim of immunity does not "undermine [] the integrity of the judicial system."  *Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 756 (9th Cir.), *opinion amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999).

### III.     No Exception to Immunity Applies

Seemingly in an attempt to justify itself in the face of well-established immunity, the complaint states that the "Circuit Court has refused to agree" to be bound by any order of the federal court and that the Circuit Court's "pleadings in this case have not committed" to whatever relief may issue – a fact that the plaintiffs claim to find troubling.  ECF No. 78 ¶95 (Page 39).  To be clear, the N.H. Court System unequivocally asserts that it cannot be bound by any order because the U.S. Constitution, immunity, and other federal laws preclude the issuance of such an order.  The plaintiffs use this fact as justification for including the N.H. Court System as a "necessary party."  The plaintiffs, thereby, essentially argue that this Court must *assert* jurisdiction over the N.H. Court System because it *has no* jurisdiction over the N.H. Court System.  Such incongruous reasoning compels its own failure.  Nevertheless, the State anticipates that the plaintiffs will attempt to manufacture an exception to immunity.

### A.     42 U.S.C. § 1983 does not permit the complaint against Judge King

In addition to naming him individually, the plaintiffs now include assertions that Judge King acted "under color of state law," – language usually aimed to address "a jurisdictional requisite for a § 1983 action." *Polk Cty. v. Dodson*, 454 U.S. 312, 315 (1981).  However, there is no § 1983 claim against Judge King.  No allegation even hints that Judge King acted outside his constitutional duties in administering the Circuit Courts.  In fact, there could be no such allegation against anyone joined merely as a "necessary party."  To the contrary, the only facts presented demonstrate that those who administer the N.H. Circuit Court have gone above and beyond minimum requirements of due process.  *See* ECF No. 1 at ¶¶ 33-34 (Original Complaint, pgs. 15-16).  No allegation indicates that anyone acted unconstitutionally or in violation of federal law.  Specifically, no allegation indicates that the N.H. Circuit Court ever failed to provide a probable cause hearing upon request.  Therefore, the plaintiffs in this case have "failed to allege any viable claim that … officials acted outside their authority." *Imperial Granite Co. v. Pala Band of Mission Indians*, 940 F.2d 1269, 1271 (9th Cir. 1991).  "[W]hen … officials act in their official capacity and within the scope of their authority, they are immune." *Id.* Consequently, Judge King must be dismissed from the case.

Any claim related to § 1983 also fails because, notwithstanding the changed caption, the complaint clearly contemplates action or inaction by the State, not Judge King.  For instance, in paragraphs 94 to 96 alone, it states:

- "*The New Hampshire Circuit Court* administers the very probable cause hearings that are directly at issue"

- "… *the Circuit Court*, consistent with the State's (incorrect) legal interpretation, administers probable cause hearings"

- "… *the Circuit Court* currently only becomes aware of a patient's involuntary detention when 'the individual [is] eventually transferred to the receiving facility …'"

6

- "*… the Circuit Court's* failure to timely conduct these hearings …"

- "… *the Circuit Court's* administrative and logistical ability to conduct these probable cause hearings is directly connected to the State's unlawful and unconstitutional action"

- "*The Circuit Court* has refused to agree …"

- "… *the Circuit Court's* pleadings in this case have not committed to providing the administratively or logistically necessary arrangements"

- "Moreover, *the Circuit Court* has not agreed, as a third party …"

- "Here, involvement of *the Circuit Court* in this case is critical, especially where the *Circuit Court* has declined to commit …"

- "Of course, whatever relief this Court imposes concerning the scheduling of probable cause hearings would be administered by *the Circuit Court*."

- "… it is *the Circuit Court* that would principally administer …"

- "However, if *the Circuit Court*, as a non-party, refuses …"

- "… *the Circuit Court* must be in this case …"

- "Without *the Circuit Court*, this Court's orders and any relief therein may be meaningless, as *the Circuit Court* has given no indication that they would be followed"

Complaint, para. 94-96 (emphasis added). Clearly, the plaintiffs focus on the State (meaning the N.H. Circuit Court system) not actions of Judge King. However, "a State is not a 'person' amenable to suit under § 1983." *Inyo Cty., Cal. v. Paiute-Shoshone Indians of the Bishop Cmty. of the Bishop Colony*, 538 U.S. 701, 708 (2003). "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The language of § 1983 [] falls far short of satisfying the ordinary rule of statutory construction that if Congress intends to alter the 'usual constitutional balance between the States and the Federal Government,' it must make its

7

intention to do so 'unmistakably clear in the language of the statute.'" *Id*. at 65. Nothing in federal civil rights laws even vaguely implies that this balance would be upset in order to give federal courts control over states as necessary third parties when they lack such authority over states as defendants.

Merely renaming the suit makes no substantive difference. By naming Judge King instead of the N.H. Court System, the petitioners "attempt[ an] end run around … sovereign immunity." *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1160 (9th Cir. 2002). However, a plaintiff may not "circumvent the barrier of sovereign immunity by merely substituting … officials in lieu of the [sovereign]." *Id*. Suits may only be brought "against officials allegedly acting in contravention of federal law." *Id*. Again, the plaintiffs do not allege that Judge King or the N.H. Circuit Court did anything wrong at all. Without a nexus to any claim of wrongdoing, any applicable federal law or constitutional claim against the Circuit Court of Judge King must fail.

### B. *Ex Parte Young* does not apply

The re-captioning of the case to include Judge King rather than the N.H. Circuit Court system also presages some attempt to circumvent immunity under *Ex Parte Young*, 209 U.S. 123 (1908). "In *Ex Parte Young*, the Supreme Court carved out an exception to Eleventh Amendment immunity." *Aguilar v. Tex. Dep't of Crim. Justice, Institutional Div.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (internal citations omitted). The court in *Ex Parte Young* reasoned that enforcement of an unconstitutional law by a public official does not equate to an act of the State because, fundamentally, the State cannot bestow unconstitutional powers upon its officers. *Ex Parte Young,* 209 U.S. at 159-60. Therefore, the "State" itself was not truly subject to suit. Any attempt to use *Ex Parte Young* in this case fails for the following reasons.

"To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a *violation of federal law* must be brought *against individual persons in their official capacities* as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Aguilar*, 160 F.3d at 1054 (internal citations omitted) (emphasis added).  The official named "must have some connection with the enforcement of the act, or else [the plaintiff] is merely … attempting to make the state a party." *Ex Parte Young*, 209 U.S. at 157.  Complaints may not arbitrarily choose any ultimate authority for the sake of captioning the complaint as "then the constitutionality of every act passed by the legislature could be tested by a suit against the governor and the attorney general." *Id*. at 157 quoting *Fitts v. McGhee*, 172 U.S. 516, 530 (1899).

Here, the complaint fails to allege any violation of federal law by Judge King or the N.H. Circuit Court and, therefore, must fail.  In addition, as stated above, the only concern involves the State entity, not the actions of a public official.  Again, the petitioners cannot prevail in this "attempted end run around … sovereign immunity."  *Dawavendewa*, 276 F.3d at 1160.

Naming the N.H. Circuit Court or Judge King as a "necessary party" rather than a defendant fails to salvage the petitioners' inherently faulty suit.  In *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, the court refused to allow the plaintiffs to include the Hoopa Valley Tribe in an action due to sovereign immunity even when named only as an "indispensable party."  "'[I]n an attempt to circumvent the Hoopa Valley Tribe's sovereign immunity,' …plaintiffs sought to file a second amended complaint, naming individual members of the Hoopa Valley Tribe's governing council as defendants."  *Id*. at 1160.  The Ninth Circuit "reject[ed] plaintiff's attempt to prolong its suit."  *Id*.  The court "reiterated the general rule: 'a suit is against the sovereign if judgment sought would expend itself on the public treasury or

9

domain, or *interfere with the public administration*, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.' Indeed, as taught by the Supreme Court, if the relief sought will operate against the sovereign, the suit is barred." *Dawavendewa*, 276 F.3d at 1160 (internal citations omitted) (emphasis added). Here, the plaintiffs request nothing less than direct federal oversight of the administration of the State judicial branch. In doing so, they seek relief against the N.H. Court System by naming it as a "necessary party" that they could never obtain by naming it as a defendant.

The plaintiffs' steadfast assertion of necessity against the Circuit Court arguably puts their entire case at risk. Claims of necessity cannot defeat immunity; however, if Judge King really is a necessary party, his absence due to immunity raises the strong possibility that the case cannot proceed at all. *Id*. at 1161 ("The Nation is a necessary party that cannot be joined due to its tribal sovereign immunity. Accordingly, we consider whether the Nation is indispensable such that Dawavendewa's action must be dismissed."). In their zeal to achieve the broadest possible relief and mandate the participation of a party that is immune from suit, the plaintiffs may be rushing headlong into the possibility of a complete dismissal.

For the foregoing reasons, Judge King requests that this court dismiss him from the pending suit. Fed. R. Civ. P. 12(b)(1).

## IV.     The N.H. Circuit Court Is Not a Necessary Party

The rule referenced by the plaintiffs, Fed. R. Civ. P. 19(a)(1)(A), requires joinder of a party only if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). In this case, the plaintiffs do not request relief against Judge King. ECF No. 78 at ¶¶ 97-176 and Request for Relief (Amended Complaint, pgs. 40-53). Wrongdoing on the part of Judge King is neither alleged nor implied. *See generally Id*. Further,

10

Judge King would not participate in the relief requested other than possibly administering a court system that will hear those cases related to involuntary commitments that come before it. This is, fundamentally, what the N.H. Circuit Court does. RSA 490-F:1. Nothing indicates that it has or will fail to perform this function or that Judge King's administration will somehow interfere with normal court procedures. If anything, the pleadings indicates that the N.H. Circuit Court is more than willing and able to hear the relevant cases. ECF No. 1 at ¶¶ 33-34 (Original Complaint, pgs. 15-16).

When attempting to justify how Judge King could allegedly qualify as a "necessary party," the petitioners state that the N.H. Court System will "necessarily" be involved in probable cause hearings. This provides no support for inclusion of Judge King under Fed. R. Civ. P. 19(a)(1)(A); it merely presents a solecism. True, the N.H. Court System must play a role in any resolution that results in probable cause hearings – so must a number of privately-hired or appointed defense attorneys, so must law enforcement when needed, and so must fact witnesses. In fact, this Court itself must "necessarily" be involved in resolution of the case as only it will issue and monitor the resulting order. None of these qualify as "necessary" parties under Fed. R. Civ. P. 19(a)(1)(A). They are simply parties tangentially related to an eventual outcome. These examples demonstrate that the petitioners' argument of "necessity," although nominally coherent, is practically absurd and does nothing to address the State's immunity.

Joinder of a court, although rare, is at least possible when the relief requested uniquely impacts the court itself and the issues cannot be properly litigated without court involvement; however, joinder of a court is unnecessary when the petitioner "request[s] no relief that require[s] the involvement of the justices." *Finberg v. Sullivan*, 634 F.2d 50, 55 (3d Cir. 1980); *cf. Ricci v. State Bd. of Law Examiners*, 569 F.2d 782, 784 (3d Cir. 1978) (wherein approval

11

from the Supreme Court of Pennsylvania was a prerequisite for bar admission). Such is the case here. Therefore, Judge King is not a necessary party, is not properly before this Court, and must be dismissed from the case. Fed. R. Civ. P. 12(b)(6).

## V. The Federal Court Could Not Issue Relief Impacting the N.H. Circuit Court

As stated above, the plaintiffs' claims rest on their argument that resolution of the issues presented will require some involvement from the N.H. Circuit Court. As stated above, the N.H. Circuit Court is statutorily bound to perform its essential functions and nothing indicates that it will fail in this task. In any event, federal courts cannot control the N.H. Circuit Court with respect to the performance of its duties. Although federal courts may review the propriety of state court rulings and correct deficiencies therein, they lack the ability to mandate that a state court perform tasks in a specific way. Generally, "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970); *citing Clark v. Washington*, 366 F.2d 678 (9th Cir. 1966) and *Campbell v. Washington State Bar Ass'n*, 263 F.Supp. 991 (W.D.Wash. 1967). To the extent the complaint anticipates an order requiring the N.H. Circuit Court to participate in helping to solve the issues alleged by the plaintiffs, under these facts, such relief is outside the scope of this Court's authority. Therefore, Judge King must be dismissed as a party. Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Judge David D. King respectfully requests that this Honorable Court:

A. Dismiss the complaint with respect to Judge King; and,

B. Grant such other and further relief as this Court deems just and equitable.

Respectfully submitted,

THE HON. DAVID D. KING

By his attorney,

GORDON J. MACDONALD
Attorney General

Date: July 31, 2019

/s/ K. Allen Brooks
Kelvin Allen Brooks, Bar No. 16424
Senior Assistant Attorney General
New Hampshire Department of Justice
33 Capitol Street
Concord, New Hampshire 03301-6397
(603) 271-3679
allen.brooks@doj.nh.gov

## CERTIFICATE OF SERVICE

Date: July 31, 2019

    I hereby certify that a copy of the foregoing was electronically served this day through the Court's ECF system on all counsel of record.

/s/ K. Allen Brooks
Kelvin Allen Brooks