UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Doe, et al.

    v.                                      Civil No. 18-cv-1039-JD
                                              Opinion No. 2019 DNH 141
Jeffrey A. Meyers,
Commissioner of the
New Hampshire Department
Of Health and Human
Services, et al.


O R D E R

The plaintiffs have filed a putative class action that challenges practices used by New Hampshire hospitals and the Department of Health and Human Services to involuntarily detain individuals who experience mental health crises and seek treatment in hospital emergency rooms. In the amended complaint, the plaintiffs bring claims for violation of their procedural due process rights under the federal and New Hampshire constitutions, a claim of violation of RSA 135-C:31, I, and state law claims for false imprisonment. David D. King, Administrative Judge of the New Hampshire Circuit Court, is named in his official capacity as a "necessary party" under Federal Rule of Civil Procedure 19(a)(1)(A).

Judge King moves to dismiss the action against him. The plaintiffs object to the motion to dismiss.

Standard of Review

    A motion to dismiss under Federal Rule of Civil Procedure

12(b)(6) challenges the plaintiffs' complaint on the ground that

they fail "to state a claim on which relief can be granted."  To

decide the motion, the court accepts as true all of the properly

pleaded facts and draws reasonable inferences in favor of the

nonmoving party.  Lemelson v. Bloomberg L.P., 903 F.3d 19, 23

(1st Cir. 2018).  The plaintiffs must allege facts that allow

the court "to draw the reasonable inference that the defendant

is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009).


                              Background

     As alleged in the amended complaint, "[t]his case is about

the State's systemic failure to provide probable cause hearings

to patients being involuntarily detained and boarded in hospital

emergency rooms within three days of the patient's admission to

the hospital."  Doc. no. 78, at *2.  In addition, the case is

about "how New Hampshire hospitals systemically and unlawfully

continue to detain these patients after the three-day deadline

has come and gone for these probable cause hearings."  Id.  The

named plaintiffs provide information about each of their

detentions.

With respect to Judge King, the plaintiffs allege that "[t]he New Hampshire Circuit administers the very probable cause hearings that are directly at issue in this case, including their location, when they are conducted, and how they are conducted." Doc. no. 78, ¶ 94. The plaintiffs allege that the court administers probable cause hearings after a detained individual is transferred to a receiving facility, which is when the court becomes aware of the detention. The plaintiffs contend that the court's "failure to timely conduct these hearings violates the protections of due process and RSA 135-C:31, both of which at least require a hearing to be held within three days of when the IEA certificate is completed while the patient is in an emergency room." Id. The plaintiffs assert that Judge King is a necessary party in this case "so this Court can ensure that any remedy it imposes concerning probable cause hearings is administratively and logistically effectuated." Id., ¶ 96. The plaintiffs name Judge King, as "a party pursuant to Rule 19(a)" in three claims: Count I – claim under 42 U.S.C. § 1983 for violation of Fourteen Amendment procedural due process rights; Count II – violation of procedural due process under the New Hampshire Constitution, Part I, Article 15; and Count III – violation of RSA 135-C:31, I.

Discussion

Judge King moves to dismiss the action against him. In support, he states that he has not been served and service cannot be made on him, that the Eleventh Amendment precludes the suit, that this court cannot grant the requested relief, and that he is not a necessary party. In response, the plaintiffs ignore the service issue, and argue that Judge King is a necessary party who is not affected by immunity under the Eleventh Amendment.

I. Capacity

As alleged in the amended complaint, Judge King is sued in his "official administrative capacity." In contrast to personal capacity suits, which seek to impose liability on a government official for actions taken under color of state law, claims against parties in their official capacities "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165-66 (2985) (quoting Monell v. N.Y. City Dept. of Social Servs., 436 U.S. 658, 690, N.55 (1978)). Therefore, it appears that although Judge King is named, the suit is brought against the New Hampshire Circuit Court.

II. Service of Process

Judge King, on behalf of the Circuit Court, states that he has not been served and that the suit should be dismissed as to him for that reason. The plaintiffs represent that after the motion to dismiss was filed, they sent Judge King a waiver of service, which he signed. The waiver of service was filed on August 2, 2019. See Doc. no. 95.

III. Eleventh Amendment and Sovereign Immunity

Judge King also contends that the plaintiffs' claims are barred by the Eleventh Amendment. Unless an exception applies, the Eleventh Amendment precludes suits against states by private individuals in federal court. Bd. Of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). A state court is a state entity for purposes of the Eleventh Amendment. Boyd v. Wachovia Bank NA, 308 Fed. Appx. 582, 583 (3d Cir. 2009); Munt v. Schnell, 2019 WL 2537933, at *1 (D. Minn. June 20, 2019); Razavi v. Traffic Court of Santa Clara County, 2019 WL 1676018, at *4 (N.D. Cal. Apr. 17, 2019); Madison v. Wheat, 2016 WL 3546223, at *2 (D. Md. June 23, 2016).

In response to the motion to dismiss, the plaintiffs state that they "assert no claims against [Judge King], and thus his concerns about sovereign or judicial immunity are inapposite." Doc. no. 97 at 7. They further explain that Judge King is named

5

in the suit "to ensure that equitable relief for Plaintiffs can be fashioned without impinging on the administrative realities of the Circuit Court system."  Id.  In essence, the plaintiffs attempt to avoid the effect of the Eleventh Amendment by joining Judge King in the suit without explicitly bringing claims that, if successful, would require the Circuit Court to provide them relief.

A.  Subject Matter Jurisdiction

The Constitution restricts the jurisdiction of federal courts to deciding cases or controversies.[1]  U.S. Const., art. III. § 2; Trump v. Hawaii, 138 S. Ct. 2392, 2416 (2018).  The restriction imposed by Article III implicates a plaintiff's standing to bring a claim and the ripeness of the claim.  Reddy v. Foster, 845 F.3d 493, 499 (1st Cir. 2017).  To establish standing, a plaintiff must show "an injury in fact," which is both "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  Id. at 500 (quoting SBA List v. Driehaus, 573 U.S. 149, 158 (2014)) (further internal quotation marks omitted).  In addition, a claim is not ripe "if it rests upon contingent future events that may not occur as anticipated,

---

[1] The court has a duty to assess subject matter jurisdiction in an action, even sua sponte when necessary.  Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011).

6

or indeed may not occur at all." Labor Relations Div. of Contr. Indus. of Mass., Inc. v. Healey, 844 F.3d 318, 326 (1st Cir. 2016) (internal quotation marks omitted).

Here, the plaintiffs state that they have not brought a claim against Judge King and do not seek relief from him. Instead, they contend that "the [other] parties cannot possibly formulate a remedy without [the Circuit Court's] involvement in this case . . . [because] the parties need to know the feasibility of remedies to this due process crisis that the Circuit Court will ultimately oversee." Doc. no. 97, at *5. They also contend that the Circuit Court "has not committed to providing the administratively or logistically necessary arrangements to ensure that probable cause hearings are conducted promptly if the Circuit Court receives a request to do so." Id., at *6.

Importantly, the plaintiffs do not allege that the Circuit Court or Judge King has ever refused to conduct a probable cause hearing or has ever in any way thwarted their efforts in that regard. They do not allege any actions or failures to act by the Circuit Court or Judge King that have violated their rights. Instead, they anticipate that logistical problems may arise if the other defendants are ordered to provide probable cause hearings. Such anticipated problems have not yet occurred, and the plaintiffs have not alleged facts to show that, if they are

7

successful, the Circuit Court or Judge King is likely to cause such problems.

Therefore, the complaint does not allege a justiciable case or controversy as to Judge King or the Circuit Court. As a result, this court lacks subject matter jurisdiction to consider the plaintiffs' concerns about possible future issues that might or might not involve the Circuit Court.

B. Claims and Relief

Alternatively, and despite the plaintiffs' representations in their objection to the motion to dismiss, their amended complaint might be construed to allege that the Circuit Court failed to conduct timely hearings in violation of due process and RSA 135-C:31. The plaintiffs also state that they are seeking prospective injunctive relief to require those hearings. As such, the complaint might be construed to bring claims and to seek relief from the Circuit Court.

As is noted above, the Eleventh Amendment precludes suits against states by private parties in federal courts. The plaintiffs argue that the Eleventh Amendment does not proscribe future injunctive relief to require conformity with federal law.

In Ex Parte Young, 209 U.S. 123, 159-60 (1908), the Supreme Court recognized a narrow exception to Eleventh Amendment immunity when a state official uses the name of the state to act

in violation of the Constitution.  That exception to Eleventh Amendment immunity applies to claims for prospective injunctive relief against state officials who violate constitutional rights but does not apply to states or state agencies.  Va. Office for Protection & Advocacy v. Stewart, 563 U.S. 247, 254-55 (2011); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Williams v. Utah Dep't of Corrs., 928 F.3d 1209, 1214-15 (10th Cir. 2019).  The exception is allowed because a state official who is violating federal law is not acting as the state for purpose of the Eleventh Amendment, and the court can order the official to stop violating federal law.  Stewart, 563 U.S. at 254; Kodiak Oil & Gas (USA) Inc. v. Burr, --- F.3d ---, 2019 WL 3540423, at *2 (8th Cir. Aug. 5, 2019).  Therefore, a claim against a state official in his official capacity will avoid Eleventh Amendment immunity if the complaint alleges an ongoing violation of federal law by the state official and seeks prospective relief.  Stewart, 563 U.S. 247, 256 (2011).

In an attempt to show that they alleged an ongoing violation of federal law by Judge King, despite alleging no claim against him, the plaintiffs state in their objection: "Plaintiffs in this action have named the Administrative Judge as a necessary party and have clearly asserted that New Hampshire officials are acting in contravention of constitutional law by failing to provide timely due process

9

hearings." Doc. no. 97, at *10. They also argue that the Circuit Court "is connected to the State's unconstitutional actions." Id. They note their allegation that "the Circuit Court's failure to timely conduct these hearings violates the protections of due process and RSA 135-C:31," but they fail to allege that anyone requested a hearing or otherwise invoked the jurisdiction of the Circuit Court.[2] See RSA 135-C:31.

The plaintiffs have not alleged any actions by Judge King that violate federal law or their constitutional rights. Further, to the extent the plaintiffs are seeking a prospective injunction to require the Circuit Court to hold probable cause hearings in the future, they have not alleged an existing constitutional violation by Judge King that an injunction would remedy. Therefore, the plaintiffs have not shown that the exception to Eleventh Amendment immunity applies here.

## C. Administrative Function

The plaintiffs also argue that the Eleventh Amendment does not preclude joining Judge King because the suit focuses on the

---

[2] In fact, the plaintiffs' complaint against the other defendants is that they failed to provide the process necessary for a timely probable cause hearing as required by RSA 135-C:31. The plaintiffs cite no authority that would require the Circuit Court or Judge King to conduct probable cause hearings sua sponte.

court's administrative function.[3]  In support, the plaintiffs rely on Rivera-Puig v. Garcia-Rosario, 983 F.2d 311, 318 (1st Cir. 1992).  Rivera-Puig, however, involved "important constitutional issues requiring [the court] to strike a balance between state-created due process and privacy concerns, and freedom of the press rights protected by the First Amendment of the United States Constitution."  Id. at 313.

In Rivera-Puig, the plaintiff brought suit against a Commonwealth judge, apparently in his personal capacity, challenging his use of a state procedural rule to deny the plaintiff access to certain court proceedings.  Id., at 314.  That part of the decision cited by the plaintiffs addresses whether there was a case or controversy, for purposes of Article III jurisdiction, between the judge and the plaintiff based on the judge's administrative function in applying the court rule.  Id., at 318.  Nothing in the case addresses an administrative function exception to the Eleventh Amendment.

The plaintiffs have not shown that an administrative function exception exists that would preclude Eleventh Amendment protection for Judge King or the Circuit Court in this case.

---

[3] The administrative function exception applies in the context of judicial immunity.  Zenon v. Guzman, 924 F.3d 611, 616-17 (1st Cir. 2019).

11

IV. Joinder

The plaintiffs argue that they can join Judge King in this action under Federal Rule of Civil Procedure 19, as a necessary party, without bringing any claims against him or the Circuit Court. The case cited by the plaintiffs in support, EEOC v. Peabody W. Coal Co., 400 F.3d 774, 782 (9th Cir. 2005), acknowledges a circuit split on the issue, and was later clarified in EEOC v. Peabody W. Coal Co., 610 F.3d 1070, 1079 (9th Cir. 2013). See Davenport v. Int'l Bhd. of Teamsters, AFL-CIO, 166 F.3d 356, 366 (D.C. Cir. 1999) (stating that Rule 19 does not create a cause of action); Vieux Carre Prop. Owners, Residents & Assoc., Inc. v. Brown, 875 F.2d 453, 457 (5th Cir. 1989) (holding that the plaintiff must have a cause of action against a party before it may be joined as a defendant). The Ninth Circuit's joinder theory was further discussed in Hartmann v. Cal. Dep't of Corrs. & Rehab., 707 F.3d 1114, 1128 (9th Cir. 2013).

In Gonzalez-Aviles v. Perez, 2016 WL 3440581, at *2 (D. Md. June 17, 2016), the court disagreed with the original Ninth Circuit opinion, holding that Rule 19 "does not create a cause of action against a party" and does not allow joinder of parties "when they have committed no wrong and are joined soley so that the plaintiffs can obtain complete relief." See also PRI, Inc. v. Keith, 2011 WL 6402281, at *2 (W.D. Miss. Dec. 21, 2011)

(holding that a party could not be joined as a defendant when no claim was alleged against the defendant); Becker v. Int'l Bhd. Of Teamsters Local 120, 2011 WL 1868362, at *3 (D. Minn. May 16, 2011); AMS Capital Holdings Corps v. Vista Strategic Advisory, LLC, 2008 WL 11351283, at *4 (S.D. Ohio June 10, 2008).

This court is not persuaded that the plaintiffs may join Judge King or the Circuit Court under Rule 19 in the absence of a viable cause of action against either of them. Further, the plaintiffs have not shown that Rule 19 would overcome the jurisdictional requirements of Article III or the immunity provided by the Eleventh Amendment.

## Conclusion

For the foregoing reasons, Judge King's motion to dismiss (document no. 91) is granted.

David D. King, Administrative Judge of the New Hampshire Circuit Court, in his official capacity, is dismissed from this case.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

August 28, 2019

cc: Counsel of Record