```
            UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW HAMPSHIRE
```

John Doe, et al.

    v.                                  Civil No.  18-cv-1039-JD
                                             Opinion No. 2020 DNH 073

Commissioner, New Hampshire
Department of Health and Human
Services, et al.

## O R D E R

The individual plaintiffs filed a putative class action that challenges policies and practices used by the Commissioner of the New Hampshire Department of Health and Human Services ("the Commissioner") and four New Hampshire hospitals to involuntarily detain individuals on an emergency basis who experience mental health crises and seek treatment in hospital emergency rooms. The individual plaintiffs have moved for class certification for their claims against the Commissioner in Counts I, II, and III of their amended complaint.[1] The Commissioner objects to certification of the proposed class.

---

[1] The New Hampshire Hospital Association and twenty hospitals have intervened as plaintiffs in this case.

Background

Four plaintiffs bring this putative class action, challenging the practices of the Commissioner with respect to involuntary emergency admissions of persons with mental illness. Three of the plaintiffs, John Doe, Charles Coe, and Jane Roe, have been granted permission to proceed under pseudonyms. The fourth plaintiff, Deborah A. Taylor, is proceeding as the guardian for her son, Scott Stephen Johnstone.

A.  Practice of Psychiatric Boarding

Under New Hampshire law, persons, like the plaintiffs, who experience mental health crises may be involuntarily admitted on an emergency basis pursuant to RSA 135-C:27-33. The plaintiffs allege they and other persons who experience mental health crises are involuntarily detained in hospital emergency rooms, pursuant to an IEA petition and certificate, without counsel, a hearing, or any process for challenging the detention. They allege that the hospitals are not equipped to provide treatment while certified persons await admission to designated receiving facilities.

The plaintiffs allege that on August 21, 2017, there were seventy-one adults waiting for admission to designated receiving facilities and that on May 25, 2017, there were twenty-seven children waiting. Some persons have experienced waiting times

lasting up to four weeks.  The plaintiffs further allege that the Commissioner is aware of the problem but has failed to correct it.

    B.   <u>Experiences of Individual Plaintiffs</u>

        1.   <u>John Doe</u>

John Doe was admitted to the emergency room at Southern New Hampshire Medical Center ("SNHMC") in Nashua, New Hampshire, on November 5, 2018, after attempting suicide.  SNHMC clinicians on staff believed that Doe was refusing treatment and, for that reason, completed a petition and a certificate for involuntary emergency admission under RSA 135-C:28.  Doe contends that the clinicians were mistaken and that he was willing to be treated for his mental health issues on an out-patient basis.

After the involuntary emergency admission ("IEA") certificate was completed, Doe was detained at SNHMC.  SNHMC renewed the IEA petition on November 8, 2018.  After this action was filed on Doe's behalf, SNHMC changed Doe's status to voluntary admission, and the IEA petition and certificate were rescinded.  He was discharged on November 15, 2018, ten days after the initial IEA petition and certificate were completed.  Doe did not receive a probable cause hearing during the ten days of his detention at SNHMC.

2. Charles Coe

Charles Coe's family brought him to the emergency room at Concord Hospital on July 20, 2018, because he was experiencing significant anxiety. Although Coe thought he would be admitted voluntarily, Concord Hospital personnel completed a petition and an IEA certificate. Coe was placed in the psychiatric ward.

He asked to be released on July 25, but Concord Hospital refused. Instead, hospital personnel completed another petition and IEA certificate. Coe then was transferred to a wing of the hospital for behavioral health emergencies. The hospital renewed the IEA certificate three times. He was not provided a probable cause hearing during that time.

Coe hired an attorney who challenged his involuntary admission by filing a petition for a writ of habeas corpus on August 3. The hospital released Coe on August 8. Merrimack County Superior Court issued an order on the habeas petition on August 9. The court ruled that that if a new IEA petition were filed as to Coe, he would have to be released or provided a probable cause hearing within three days pursuant to RSA 135-C:31, I. Doe v. Concord Hospital, No. 217-2018-CV-00448 (Merrimack Cty. Sup. Ct. Aug. 9, 2018).[2]

---

[2] In response to the hospital's motion for reconsideration, the superior court issued an order on September 5, 2018, holding that the August 9 order had no preclusive effect because Doe's petition had become moot.

4

### 3. Jane Roe

Jane Roe had a contentious interaction with her adult daughter on September 21, 2018. Her daughter called the police and an ambulance. When Roe declined to go with the EMTs, they injected her with a sedative and took her into custody. She was taken to the emergency room at St. Joseph's Hospital and was involuntarily admitted pursuant to a petition and an IEA certificate. The certificate was renewed six times through October 9. Roe did not receive a probable cause hearing while she was detained at St. Joseph's Hospital.

Roe was transferred to New Hampshire Hospital on October 10, 2018. A probable cause hearing was scheduled there. When Roe's daughter was unavailable for the probable cause hearing, however, Roe was released.

### 4. Deborah Taylor

Scott Stephen Johnstone was involuntarily admitted to the emergency room at Memorial Hospital in North Conway under an IEA petition and certificate on July 17, 2018. This was his third involuntary emergency admission. His mother and guardian, Deborah Taylor, completed the petition. Johnstone was detained at Memorial Hospital for twenty-seven days while awaiting admission to a designated treatment facility. The IEA

5

certificate was renewed eleven times during that period. Johnstone was not provided a probable cause hearing while detained at Memorial Hospital.

Taylor became concerned about the lack of treatment for Johnstone's mental illness and the conditions of his detention. After Taylor told her story to political leaders in New Hampshire and to the press, Johnstone was transferred to New Hampshire Hospital on August 13, 2018. Following a hearing, probable cause was found to keep him there for a month.

### C. Individual Plaintiffs' Claims against the Commissioner

The individual plaintiffs bring three counts against the Commissioner. In Count I, brought pursuant to 42 U.S.C. § 1983, the plaintiffs allege that the Commissioner denied them procedural due process in violation of the Fourteenth Amendment to the United States Constitution. In Count II, the plaintiffs allege that the Commissioner has violated their due process rights under the New Hampshire Constitution, Part I, Article 15. In Count III, the plaintiffs allege that the Commissioner violated RSA 135-C:31, I by failing to provide them probable cause hearings within three days after the IEA certificates were completed.

The Commissioner moved to dismiss the individual plaintiffs' § 1983 claim against her, Count I, arguing that they

had not alleged facts showing state action.[3]  The Commissioner also moved to dismiss the state law claims, Counts II and III, for lack of supplemental jurisdiction and on the merits.  The court denied the motion to dismiss, construing RSA 135-C:31, I to mean that the Commissioner has a duty to provide for probable cause hearings within three days of when an IEA certificate is completed and that a failure to comply with this statutory duty constitutes state action.

D.  Proposed Class

The four named plaintiffs move to certify a class "of themselves and other individuals who are currently being, have been, or will be involuntarily detained in a non-DRF hospital under RSA 135-C:27-33 without having been given a probable cause hearing by the State of New Hampshire within three days (not including Sundays and holidays) of the completion of an involuntary emergency admission certificate."[4]  Doc. no. 78, ¶ 15.

The plaintiffs allege that there is a stigma associated with individuals who have been the subject of IEA certificates

---

[3] In addition, the Commissioner moved to dismiss the hospital plaintiffs' claims, and that motion was also denied.

[4] DRF stands for designated receiving facility.

so that they are perceived to have a mental illness and are more likely to be involuntarily admitted in the future. They allege that individuals who are subject to IEA certificates are not provided procedural due process to challenge the finding that they meet the criteria for involuntary emergency admission. They also allege that the proposed class of individuals being involuntarily detained in non-designated receiving facilities without due process was at least fifty in October of 2018 and in July of 2019 was sixteen.

For relief, the plaintiffs, on their own behalf and on behalf of the class, seek a declaration that the Commissioner's practice of not providing a probable cause hearing to persons involuntarily detained in private hospitals within three days after an IEA certificate is completed violates RSA 135-C:31, I and the Due Process Clause of the Fourteenth Amendment. They also seek a declaration that the Commissioner's practice violates Part I, Article 15 of the New Hampshire Constitution. They ask the court to impose a preliminary and a permanent injunction to require the Commissioner to provide procedural due process to IEA-certified persons who are detained in hospitals while waiting to be delivered to a designated receiving facility.

Standard of Review

The plaintiffs move to certify a class under Federal Rules of Civil Procedure 23(a) and 23(b)(2). For purposes of class certification, the named plaintiffs must meet the threshold requirements of Rule 23(a) by showing sufficient numerosity of the proposed class, common questions of law or fact, the representative parties' claims are typical of the class, and the representative parties will fairly and adequately represent the class. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 612 (1997). Under Rule 23(b)(2), a class action may be maintained when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." The party seeking class certification bears the burden of showing compliance with the requirements of Rule 23. In re Nexium Antitrust Litig, 777 F.3d 9, 18 (1st Cir. 2015).

Discussion

In their motion, the plaintiffs assert that they meet the requirements of Rule 23(a) and (b)(2) for purposes of class certification. The Commissioner objects to certification of the proposed class, attacking Count I on the merits as lacking allegations of state action, and arguing that the plaintiffs

cannot meet the requirements of commonality and typicality under Rule 23(a)(3) and (4). The Commissioner does not challenge the plaintiffs' showing as to the requirements of numerosity and adequacy of representation or as to the application of Rule 23(b)(2).

### A. State Action

The Commissioner argues that the plaintiffs lack allegations of state action to support their § 1983 claim, Count I, and on that basis opposes the motion for class certification. In essence, the Commissioner repeats the theories she raised in her motion to dismiss. She states:

> The plaintiffs' class certification motion proceeds from the erroneous premise that private hospitals, their staff, and/or other private persons seeking involuntary emergency admissions of persons to the New Hampshire Hospital or another receiving facility under RSA 135-C:27-54 are either state actors themselves or have some authorization from the state to detain those persons until law enforcement takes them into custody pursuant to RSA 135-C:29. For the reasons set forth in the defendant's motion to dismiss and accompanying memorandum of law filed this day, those legal premises are incorrect. In fact, except in certain limited, narrow circumstances, every individual "sought to be admitted for treatment on an involuntary basis shall be at liberty." RSA 135-C:39.

Doc. no. 106 at *2-*3.

That issue has been resolved against the Commissioner. As is noted above, in denying the Commissioner's motion to dismiss, the court held that RSA 135-C:39 does not apply to involuntary

10

emergency admissions under RSA 135-C:27-33 and that the plaintiffs sufficiently alleged state action to avoid dismissal. Doc. no. 147, at *26, n.11, & *29-*30.  Therefore, the Commissioner's theory that class certification must be denied due to a lack of state action fails.

B.   Commonality and Typicality – Rule 23(a)(2) and (3)

The Commissioner contends that the plaintiffs do not meet the commonality and typicality requirements of Rule 23(a)(2) and (3).  To satisfy Rule 23(a)(2), the plaintiffs must show that the class shares common questions of law or fact.  The Supreme Court has explained that the commonality requirement means showing "that the class members have suffered the same injury." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011).  The class's claim must arise from a common contention that is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  Id.; accord Parent/Professional Advocacy League v. City of Springfield, 934 F.3d 12, 28 (1st Cir. 2019).

To meet the typicality requirement, Rule 23(a)(3), the plaintiffs must show that their claims against the Commissioner are typical of the claims of the class.  Fed. R. Civ. Pro. 23(a)(3).  The claims are typical if they "arise from the same

11

event or practice or course of conduct that gives rise to the claims of other class members, and are based on the same legal theory." Garcia-Rubiera v. Calderon, 570 F.3d 443, 460 (1st Cir. 2009); accord Rapuano v. Trs. Of Dartmouth Coll., 2020 WL 475630, at *7 (D.N.H. Jan. 29, 2020).

The Commissioner argues that the proposed class does not meet the commonality or typicality requirements because "[t]he policy or practice complained of varies based on the different private practices of four hospitals."[5]  Doc. no. 106, at *8.  She further contends that because the only state action addressed by the plaintiffs is the absence of state action, there is no basis for a § 1983 claim.  As is noted above, the Commissioner's erroneous theory about the hospitals' role in the certification process and the lack of state action has been resolved in favor of the plaintiffs.

---

[5] The Commissioner attempts to shift blame for the psychiatric boarding practice to the hospitals and argues that the hospitals are the actual defendants.  The Commissioner is mistaken.  The plaintiffs' claims in Counts I, II, and III are brought against the Commissioner, not the hospitals.  They allege that she has violated their due process rights under the Fourteenth Amendment of the United States Constitution by failing to provide probable cause hearings within three days of IEA certification and that the same practice by the Commissioner has violated their rights to due process under the New Hampshire Constitution and the statutory requirements under RSA 135-C:27-33.

As alleged, the named plaintiffs and the proposed class members have been and will be subjected to the same policy and practice by the Commissioner.[6] That is, once an individual is certified for involuntary emergency admission, the Commissioner is required to but does not provide for a probable cause hearing until after the IEA-certified person is delivered to a designated receiving facility. The result of that policy and practice, as alleged, is that the named plaintiffs and the proposed class have been and will continue to be detained for days and even weeks without due process protection. Despite the Commissioner's objections, the plaintiffs have provided a sufficient showing that the proposed class meets the commonality and typicality requirements of Rule 23(a)(2) and (3).

C. Numerosity and Adequacy of Representation Rule 23(a)(1) and (4)

The commissioner objected only to the plaintiffs' showing with respect to the commonality and typicality requirements. Therefore, the Commissioner does not challenge the plaintiffs'

---

[6] The Commissioner argues that the plaintiffs were not in state custody based on two inapposite statutes. RSA 135-C:28, III limits the time a person may be held in "protective custody" by a "peace officer." There is no claim here that a plaintiff was held in protective custody by a peace officer. RSA 135-C:39, I does not apply to individuals who are subject to an IEA certificate. The Commissioner's reliance on statutory provisions that do not apply to the facts of the case is not persuasive.

13

showing as to numerosity and the adequacy of presentation, under Rule 23(a)(1) and (4).

### 1. Numerosity

The plaintiffs contend that the proposed class will be at least fifty individuals based on the numbers of persons who have been subject to psychiatric boarding in the past. A proposed class that exceeds forty members is deemed to be sufficiently numerous to meet the requirement of Rule 23(a)(1). Rapuano v. Trs. Of Dartmouth Coll., 2020 DNH 013, --- F.R.D. ---, 2020 WL 475630, at *5 (D.N.H. Jan. 29, 2020).

Although the numbers of IEA-certified persons being held in hospital emergency departments for more than three days without probable cause hearings appears to be declining, the Commissioner is continuing to use the psychiatric boarding practice. As a result, there will continue to be potential class members. Further the plaintiffs point out the likelihood that persons with a history of mental illness and a past IEA-certification will be subject to involuntary emergency admissions in the future. Therefore, the plaintiffs have made a sufficient showing of numerosity.

### 2. Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." That requirement is "generally satisfied if the interests of the named Plaintiffs do not conflict with the interests of any class members." Conant v. FMC Corp., 2020 WL 1482634, at *2 (D. Me. Mar. 27, 2020). The plaintiffs here are seeking a prospective injunction, that would affect all of the plaintiffs and the potential class members in the same way – that is, the Commissioner would be required to provide for probable cause hearings within three days of when an IEA certificate is completed. Therefore, their interests are aligned and not in conflict.

### D. Rule 23(b)(2)

The plaintiffs are seeking to certify a class under Rule 23(b)(2), which applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." The Commissioner does not challenge that part of the class certification motion.

"The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that

15

the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 360 (2011) (internal quotation marks omitted). As noted with respect to Rule 23(a)(4), the injunction and declaratory judgment that the plaintiffs are seeking in this case would apply equally to the named plaintiffs and the class members. Therefore, the plaintiffs have satisfied the requirement for a class under Rule 23(b)(2).

### E. Class Certification

The plaintiffs have satisfied the requirements of Rule 23(a) and (b)(2). Therefore, a plaintiff class is certified under Rule 23(b)(2) as follows:

As to Counts I, II, and III, a class is certified of all persons who are currently being, have been, or will be involuntarily detained in a non-DRF hospital under RSA 135-C:27-33 without having been given a probable cause hearing by the Commissioner of the Department of Health and Human Services of the State of New Hampshire within three days (not including Sundays and holidays) of the completion of an involuntary emergency admission certificate. John Doe, Charles Coe, Jane Roe, and Deborah A. Taylor are approved as the class representatives.

16

F.  Class Counsel

Once a class is certified, the court must appoint class counsel.  Fed. R. Civ. P. 23(c)(1)(B) & (g)(1).  The named plaintiffs move to have their counsel, Gilles Bissonnette, Esq. and Thoedore E. Tsekerides, Esq., appointed as class counsel. The commissioner does not object to the appointment of the plaintiffs' counsel as class counsel.

Rule 23(g)(1) provides pertinent considerations in appointing class counsel.  Those considerations include work counsel has already done in the case to identify and investigate potential claims, counsel's prior experience in class actions and other complex litigation, counsel's knowledge of the applicable law, counsel's available resources.

Attorney Gilles Bissonnette works for the American Civil Liberties Union of New Hampshire, and Attorney Theodore E. Tsekerides is a partner at Weil, Gotshal & Manges LLP in New York.  Both Bissonnette and Tsekerides provide affidavits that show their experience in civil rights cases and other complex litigation.  The court is satisfied that Attorneys Bissonnette and Tsekerides qualify for appointment as class counsel.

G.  Additional Issues and Notice

Once the court has determined that a class will be certified, an order certifying a class "must define the class and the class claims, issues, or defenses and must appoint class counsel under Rule 23(g)."  Fed. R. Civ. P. 23(c)(1)(B).  To the extent counsel for the class or for the commissioner seek to supplement this order with an additional statement about the class claims, issues, or defenses, counsel shall confer and file a joint proposed supplemental order for that purpose.

When a class is certified under Rule 23(b)(2), the court may direct appropriate notice.  Fed. R. Civ. P. 23(c)(2)(A).  Counsel for the class and for the commissioner shall confer about notice to be provided to the class.  If possible, they shall file a joint proposed order addressing notice.  If they do not agree, counsel for the class shall file a proposed order addressing notice and the commissioner will have an opportunity to respond.

## Conclusion

For the foregoing reasons, the plaintiffs' motion to certify a class (document no. 79) is granted, and the following class is certified:

> As to Counts I, II, and III, a class is certified of all persons who are currently being, have been, or will be involuntarily detained in a non-DRF hospital

under RSA 135-C:27-33 without having been given a probable cause hearing by the Commissioner of the Department of Health and Human Services of the State of New Hampshire within three days (not including Sundays and holidays) of the completion of an involuntary emergency admission certificate.

John Doe, Charles Coe, Jane Roe, and Deborah A. Taylor are approved as the class representatives.

Gilles Bissonnette, Esq. and Theodore E. Tsekerides, Esq. are appointed as class counsel.

If the class or the Commissioner seeks an additional statement of the class claims, issues, or defenses, that motion shall be filed **on or before May 22, 2020**. If either party opposes a proposed additional statement, a response may be filed within **fourteen days**.

The class and the Commissioner shall file a joint proposed order addressing notice, or if they do not agree, the class shall file a proposed order addressing notice, **on or before May 22, 2020**. If the class files a proposed order, the Commissioner may file a response within **fourteen days**.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

May 4, 2020

cc: Counsel of record.