UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Doe, et al.

    v.                                     Civil No. 18-cv-1039-JD
                                         Opinion No. 2021 DNH 048
Commissioner, New Hampshire
Department of Health and
Human Services

O R D E R

The Commissioner of the New Hampshire Department of Health
and Human Services moves to stay this action pending resolution
of her interlocutory appeal of the court's orders denying her
motions to dismiss based on sovereign immunity and pending the
decision of the New Hampshire Supreme Court in a case
challenging the interpretation of RSA chapter 135-C.  The Doe
plaintiffs object to a stay on both grounds with the assent of
the Hospital plaintiffs.[1]

---

[1] The Doe plaintiffs in this case are four individuals and a
class of similarly situated persons.  The Hospital plaintiffs
are the New Hampshire Hospital Association, Alice Peck Day
Memorial Hospital, Androscoggin Valley Hospital, Catholic
Medical Center, Cheshire Medical Center, Concord Hospital,
Cottage Hospital, Elliot Hospital, Frisbie Memorial Hospital,
HCA Health Services of New Hampshire (Parkland Medical Center
and Portsmouth Regional Hospital), Huggins Hospital, Littleton
Hospital Association (Littleton Regional Healthcare),
LRGHealthcare (Franklin Regional Hospital and Lakes Region
General Hospital), Mary Hitchcock Memorial Hospital, Monadnock
Community Hospital, New London Hospital, Southern New Hampshire
Medical Center, Speare Memorial Hospital, Upper Connecticut
Valley Hospital, Valley Regional Hospital, and Weeks Medical
Center.

I.   Stay Pending Interlocutory Appeal

      The Commissioner contends that all proceedings in this case
must be stayed while her interlocutory appeal is pending in the
First Circuit.  She argues that when she filed the notice of
appeal, this court was divested of jurisdiction over the case
while the appeal is pending.  The Doe plaintiffs disagree,
arguing that an appeal, including one raising the issue of
sovereign immunity under the Eleventh Amendment, does not divest
the court of jurisdiction and that the Commissioner has not met
the applicable standard for a stay.


      A.   Applicable Standard

      Courts generally follow the divestiture rule, relied on by
the Commissioner, that "[t]he filing of a notice of appeal is an
event of jurisdictional significance—it confers jurisdiction on
the court of appeals and divests the district court of its
control over those aspects of the case involved in the appeal."
Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58
(1982).  Despite the reference to jurisdiction, the divestiture
rule is not literally jurisdictional but instead is a court-made
rule that "is rooted in concerns of judicial economy, crafted by
courts to avoid the confusion and inefficiency that would
inevitably result if two courts at the same time handled the

same issues in the same case."[2] United States v. Carpenter, 941 F.3d 1, 6 (1st Cir. 2019).  For that reason, although not a jurisdictional event, the filing of a notice of appeal generally precludes the district court from proceeding "with respect to any matter touching upon, or involved in, the appeal," unless an exception applies.  United States v. Brooks, 145 F.3d 446, 455 (1st Cir. 1998); United States v. Joseph, 2020 WL 5880522, at *1-*2 (D. Mass. Oct. 2, 2020).

The Doe plaintiffs argue that a different standard applies here, involving a four-factor test that is similar to the test used when considering an injunction.  See Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  The four-factor test, however, applies when a party seeks relief in the nature of an injunction while an appeal is pending, generally to preserve the status quo, which is an action that the court retains authority to consider.[3]  Fed. R. Civ. P. 62; Audi of Am., Inc. v. Bronsberg & Hughes Pontiac, Inc., 2017 WL 11573353, at *2 (M.D. Pa. Aug. 17, 2017); see also Hilton, 481 U.S. at 776 (habeas corpus); Theia

───────────────

[2] The Doe plaintiffs quote a statement from the dissent in Dunn v. Price, 139 S. Ct. 1312, 1315 (2019), to show that an appeal does not divest the district court of jurisdiction. Given its source, that authority is less persuasive.

[3] Relatedly, when an appeal is taken from a final judgment, the district court retains jurisdiction to enforce its judgment unless a stay is granted.  See Cessna Fin. Corp. v. AlGhaith Holding Co. PJSC, 2021 WL 603012, at *2-*3 (S.D.N.Y. Feb. 16, 2021).

Techs. LLC v. Theia Gr., Inc., 2021 WL 723273, at *1, (E.D. PA.
Feb. 24, 2021) (injunction); Taylor v. McDermott, 2021 WL
330053, at *1 (D. Mass. Feb. 1, 2021) (extradition); Hopkins v.
Jegley, 2021 WL 259651, at *3 (E.D. Ark. Jan. 25, 2021)
(injunction); Jacobsen v. Rushmore Loan Mgmt. Servs., LLC, 2019
WL 8405355, at *1 (D. Nev. Aug. 29, 2019) (injunction).  In
contrast, when, as here, the question is whether proceedings
will continue in the district court after an interlocutory
appeal is filed, courts focus on whether there is authority to
proceed, rather than on whether an injunction should issue.
See, e.g., New York v. U.S. Dep't of Homeland Security, 974 F.3d
210, 215 (2d Cir. 2020); Roberts v. Khounphixay, 2021 WL 228894,
at *3 (W.D. Wash. Jan. 22, 2021); Murrietta-Golding through
Lopez v. City of Fresno, 2021 WL 22447, at *2 (E.D. Cal. Jan. 4,
2021); Myers v. Iowa Bd. of Regents, 2020 WL 6387376, at *1
(S.D. Iowa July 9, 2020); Rivers v. United States, 2020 WL
6021465, at *4 (W.D. Va.  Oct. 9, 2020); Lewis v. Hughs, 2020 WL
6736426, at *1 (W.D. Tex. Aug. 20, 2020); Louisiana Real Estate
Appraisers Bd. v. U.S. Fed. Trade Comm., 2020 WL 1817297, at *4
(M.D. La. Apr. 9, 2020); Vine v. PLS Fin. Servs., Inc., 2019 WL
4257108, at *3 (E.D. Tex. Sept. 9, 2019); Pueblo of Pojoaque v.
State, 233 F. Supp. 3d 1021, 1105-12 (D.N.M. 2017).

The Doe plaintiffs disagree and rely on In re World Trade
Ctr. Disaster Site Litig., 503 F.3d 167, 169- 71 (2d Cir. 2007),
to show that the four-factor test governs whether to stay
proceedings while an interlocutory appeal of sovereign immunity
is pending.  In World Trade, however, the Second Circuit
considered the appellees' motion to vacate that court's stay
order, not the district court's decision to proceed.  Id. at
169.  Acknowledging the issue of the district court's authority,
the court stated that the motion to vacate its stay order was
"inextricably intertwined with the issue of whether the
Appellants' notice of appeal from the denial of their motions
[asserting immunity] divested the District Court of jurisdiction
to proceed with the litigation."  Id.

For that reason, the Second Circuit considered whether to
vacate its stay order, under the four-factor test, and whether
the district court was divested of jurisdiction.  Id. at 170.
The court decided to vacate its stay order and remand the case
to the district court, which restored the district court's
jurisdiction over the case.  Id. at 171.  Therefore, the issue
and analysis in World Trade is inapposite to the circumstances
in this case.

The Doe plaintiffs also rely on Fresenius Med. Care
Cardiovascular Res., Inc. v. P.R. & Caribbean Cardiovascular
Ctr. Corp., 322 F.3d 56, 60, n.3 (1st Cir. 2003), to show that

the four-factor test applies in the context of a motion to stay
pending an interlocutory appeal of a sovereign immunity issue.
In the cited footnote, however, the court of appeals quoted its
own prior order denying the defendant's a request for a stay,
which stated that a request for a stay invoked the equitable
power of the court of appeals.  Id.  The court of appeals denied
the motion for a stay because the defendant had "a pattern of
causing delay in this litigation."  Id.  The issue of the
district court's authority to proceed during a pending appeal
was not at issue in Fresenius, and for that reason, Fresenius
provides no guidance here.

Therefore, the issue presented here is whether, under the
divestiture rule, the Commissioner's notice of interlocutory
appeal of the orders denying her motions to dismiss on sovereign
immunity grounds divested this court of authority to proceed in
the case while the appeal is pending.


B.  Result

The divestiture rule strips the court of authority to
proceed in this case while the appeal remains pending unless an
exception applies.  One exception applies "if the notice of
appeal is defective in some substantial and easily discernible
way (if, for example, it is based on an unappealable order)."
WM Capital Partners 53, LLC v. Barreras, Inc., 975 F.3d 77, 83-

84 (1st Cir. 2020).  Another exception occurs when the divestiture rule would not serve the purpose of judicial economy.  United States v. Rodriguez-Rosado, 909 F.3d 472, 478 (1st Cir. 2018).  District court proceedings may also continue if that procedure would not interfere with the appeal or if the appeal is frivolous.  Brooks, 145 F.3d at 456; see also Torres v. Puerto Rico, 485 F.3d 5, 7 (1st Cir. 2007) (noting that district court denied motion to stay because appeal was frivolous and defendant had engaged in delay tactics).

In this case, the Doe plaintiffs suggest that the Commissioner is engaging in delay tactics by appealing the orders that denied her motions to dismiss based on Eleventh Amendment immunity.  They also characterize the appeal as meritless.

The sovereign immunity issue on appeal is jurisdictional. If, as the Commissioner contends, the claims are deemed to have been brought against the Department, which is an agency of the State of New Hampshire, the court lacks subject matter jurisdiction under the Eleventh Amendment to consider the claims.  Therefore, the decision of the First Circuit Court will determine whether the court has jurisdiction to proceed.

If this court were to proceed now and then the First Circuit issued a decision that jurisdiction is lacking, the proceedings would have no effect and the time and effort

7

invested would be wasted.  The interests of judicial economy

strongly counsel against proceeding in these circumstances.

See, e.g., Myers, 2020 WL 6387376, at *1-*2 (citing cases).

Although the Doe plaintiffs argue that the appeal is meritless

and a delay tactic, the court is not persuaded that the

Commissioner's position is frivolous, that the notice of appeal

is defective on its face, or that the appeal was filed to delay

the case.[4]

        Therefore, the court lacks authority to proceed in this

case while the Commissioner's interlocutory appeal is pending.


II.  Stay Pending New Hampshire Supreme Court Decision

        The Commissioner also asks the court to stay this case

pending a decision by the New Hampshire Supreme Court in a case

where the Commissioner has appealed the interpretation of RSA

chapter 135-C, Doe v. Commissioner, 2020-0454 (N.H. Sup. Ct.

Oct. 2, 2020).  Because the court has concluded that it lacks

authority to proceed while the interlocutory appeal is pending

in the First Circuit, it is not necessary to consider the

Commissioner's alternative ground for a stay.  If the

interlocutory appeal is resolved and a mandate issues before the

---

        [4] There is no dispute that an interlocutory appeal of the
denial of a motion to dismiss based on the Eleventh Amendment is
allowed under the collateral order doctrine.  P.R. Aqueduct &
Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 141 (1993).

New Hampshire Supreme Court issues a decision, the Commissioner may move for a stay at that time.

## Conclusion

For the foregoing reasons, the Commissioner's motion for a stay (document no. 210) is granted, to the extent that the case will not proceed while the interlocutory appeal is pending before the First Circuit Court of Appeals, and is otherwise denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

March 8, 2021

cc: Counsel of record.