## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

<u>John Doe, et al.</u>

      v.

<u>Commissioner, New Hampshire
Department of Health and
Human Services</u>

Civil No. 18-cv-1039-LM
Opinion No. 2023 DNH 058 P

## O R D E R

      Four individual plaintiffs bring this class action against the Commissioner of the New Hampshire Department of Health and Human Services.   In the First Amended Complaint, which is the operative complaint, Plaintiffs' only remaining claim challenges the Commissioner's practice of boarding individuals experiencing mental health crises in hospital emergency departments without procedural due process, Count I.  The Commissioner moves to dismiss Count I on the ground that it is moot in light of the New Hampshire Supreme Court's decision in <u>Doe v. Commissioner, 174 N.H. 239 (2021)</u> (referred to as "<u>Jane Doe</u>").  In response, Plaintiffs move to file a Second Amended Complaint to remedy any possibility of mootness.  Plaintiffs also ask the court to hold the Commissioner's motion to dismiss in abeyance until the court decides their motion to amend.

      For the reasons explained below, Plaintiffs' motion to amend is construed as a motion to supplement and is granted as to Count I and denied as to Counts II and III.  The decision on the motion to supplement resolves the issues raised in Plaintiffs' motion to hold in abeyance and the Commissioner's motion to dismiss. Therefore, the court denies those motions.

## BACKGROUND

Count I alleges that the Commissioner's boarding practice violates Plaintiffs' procedural due process rights under the Fourteenth Amendment because they are not provided due process while being detained in hospital emergency departments under an involuntary emergency admission ("IEA") certificate.  Doc no. 78 ¶¶ 97-109.  Plaintiffs bring this claim in the context of the IEA procedures under RSA 135-C:27-33.  Under that statutory framework, an IEA-certified patient is entitled to a probable cause hearing within three days after admission to the mental health services system, RSA 135-C:31, I.  In conjunction with the hearing, the patient is entitled to notice of certain rights, including the right to counsel and the right "[t]o apply for admission on a voluntary basis," RSA 135-C:30.

### Prior Proceedings

A brief history of the prior proceedings is helpful to frame the current motions.[1]  In May 2019, the court granted a group of New Hampshire hospitals leave to intervene in the action as plaintiffs.[2]  The Hospitals assert claims against the Commissioner arising from the Commissioner's boarding practice.

---

[1]  The court assumes familiarity with the lengthy background of this case, which the court has provided in more detail in prior orders.  See, e.g., Doe v. Commissioner, --- F. Supp. 3d ---, 2023 WL 2186458 (D.N.H. Feb. 23, 2023); Doe v. Commissioner, 2021 WL 27009  (D.N.H. Jan. 4, 2021); Doe v. Commissioner, 2020 WL 7481735 (D.N.H. Dec. 18, 2020); Doe v. Commissioner, 2020 WL 2129717 (D.N.H. May 4, 2020); Doe v. Commissioner, 2020 WL 2104826 (D.N.H. May 1, 2020); Doe v. Commissioner, 2020 WL 2079310 (D.N.H. Apr. 30, 2020); see also Doe v. Shibinette, 16 F.4th 894 (1st Cir. 2021).

[2]  In this order, the court will refer to the hospital plaintiffs as "Hospitals."

Plaintiffs initially named Honorable David D. King, the Administrative Judge of the Circuit Court, as a necessary party. Judge King moved to dismiss the claims against him. In August 2019, the court granted the motion to dismiss Judge King from the case due to a lack of jurisdiction. Doc. no. 100.

The Commissioner then moved to dismiss Plaintiffs' claims based on a lack of jurisdiction due to sovereign immunity. In April 2020, for the purposes of deciding the Commissioner's motion to dismiss, this court analyzed the statutory framework of the IEA-certification process to determine the meaning of the word "admission" under the statute. The court held that "admission" of IEA-certified patients into the state's mental health services system occurs when the IEA certificate is completed, as opposed to when the patient is delivered to a designated receiving facility.[3] Doe v. Commissioner, 2020 WL 2079310, at *9 (D.N.H. Apr. 30, 2020). Despite the court's ruling, the Commissioner continued to maintain that she had no obligation to provide probable cause hearings unless and until an IEA-certified patient was delivered to a designated receiving facility. Based on that view, the Commissioner continued the psychiatric boarding practice without probable cause hearings.

In May 2020, the court granted Plaintiffs' motion for class certification. The following class was certified:

> As to Counts I, II, and III, a class is certified of all persons who are currently being, have been, or will be involuntarily detained in a non-DRF hospital under RSA 135-C:27–33 without having been given a probable cause hearing by the Commissioner of the Department of Health and Human Services of the State of New Hampshire within

_____

[3] The court also denied the Commissioner's motion to dismiss the Hospitals' claims based on the same statutory construction. Doe v. Commissioner, 2020 WL 2104826 (D.N.H. May 1, 2020).

three days (not including Sundays and holidays) of the completion of
an involuntary emergency admission certificate.

Doc. no. 149, at 18-19.  After the class was certified, Plaintiffs voluntarily dismissed

their state law claims in Counts II and III.  End. Or. Nov. 2, 2020.  Therefore, as

stated above, the only remaining claim is Count I, which alleges that Plaintiffs are

not provided due process after IEA certification in violation of the Fourteenth

Amendment.

In November 2020, the Commissioner again moved to dismiss Plaintiffs'

claim (and the Hospitals' claims) based on sovereign immunity.  The court denied

the motions (doc. nos. 201 & 203), and the Commissioner filed an interlocutory

appeal.  While the appeal to the First Circuit was pending, the New Hampshire

Supreme Court issued a decision in a habeas corpus case involving another IEA-

certified patient who had been detained without a hearing in a hospital emergency

department.  Jane Doe, 174 N.H. at 239-61.

The New Hampshire Supreme Court held, as this court had previously

determined, that upon completion of the IEA certificate, the IEA-certified patient is

admitted into "the state mental health services system under the supervision of the

Commissioner."  Jane Doe, 174 N.H. at 252.  In light of the New Hampshire

Supreme Court's decision, the Commissioner moved during the appeal at the First

Circuit to dismiss this case as moot.  The First Circuit affirmed this court's decision

denying the motion to dismiss based on sovereign immunity and remanded the case

for further proceedings on the mootness issue.  Doe v. Shibinette, 16 F.4th 894, 905

(1st Cir. 2021).

**Change in the Hearing Process**

In response to the New Hampshire Supreme Court's decision in <u>Jane Doe</u>, the New Hampshire Circuit Court anticipated an increase in IEA petitions and began to implement administrative procedures to process the petitions.  Doc. no. 233-1, at 2-3.  As expected, an increase occurred.  The filings included petitions for IEA-certified patients who were being held in hospital emergency departments.  <u>Id.</u>  In March 2022, following discussions "among state officials from the New Hampshire Executive Branch and Judicial Branch," the New Hampshire Circuit Court implemented a revised process for IEA petitions.  The new process allowed probable cause hearings to be conducted by telephone from the hospital emergency departments and designated receiving facilities where IEA-certified patients were being held.  <u>Id.</u>  As a result of the new procedure, 99% of patients who are admitted to the state mental health services system currently receive telephonic probable cause hearings within 3 days of the completion of the IEA certificate.  <u>Id.</u> at 4 ¶ 15.

Additionally, Plaintiffs contend that the Commissioner and Judge King have begun to schedule all probable cause hearings with the Circuit Court in Concord rather than with Circuit Courts located in the same area as the hospital or designated receiving facility where the patient is detained.  Plaintiffs argue in support of their motion to amend that the change in location makes it far more difficult for IEA-certified patients to consult with counsel before and during the hearings.  Doc. no. 250 at 6.

**Hospitals' Case**

The Hospitals moved for summary judgment on Count II of their complaint. Doc.no. 228.  On February 23, 2023, the court granted the motion in part and issued the following declaration:

> The Commissioner has violated and continues to violate the Hospitals' Fourth Amendment right (made applicable to the states through the Fourteenth Amendment) to be free from unreasonable seizures of their emergency departments though her conduct, policies, and practices that fail to allow IEA-certified patients to be immediately transported from the Hospitals' emergency departments to designated receiving facilities.

Doe v. Commissioner, --- F. Supp. 3d ---, 2023 WL 2186458, at *10 (D.N.H. Feb. 23, 2023).  The court found that the Hospitals were entitled to injunctive relief but had not proposed a sufficiently specific and detailed injunction.  Id.  The Hospitals and the Commissioner have filed proposed injunctions, which are currently before the court.  The scope of injunctive relief and its potential effect on probable cause hearings remains undecided.

**Current Motions**

In December 2022, the Commissioner moved to dismiss Plaintiffs' claim as moot.  The Commissioner argues that the New Hampshire Supreme Court's decision in Jane Doe, 174 N.H. 239, and the Circuit Court's telephonic hearing procedures have provided the relief sought by Plaintiffs in Count I, rendering the claim moot.  Doc. no. 248.

In response, Plaintiffs moved to amend to add an express challenge to the Circuit Court's telephonic hearings but assert that the proposed change is merely a clarification because the First Amended Complaint alleged a lack of meaningful

process in addition to challenging the timeliness of the probable cause hearings. Plaintiffs also seek leave to add new parties and claims. Plaintiffs filed a separate motion to hold the Commissioner's motion to dismiss in abeyance until after the court decides the motion to amend.

## DISCUSSION

Plaintiffs ask the court to consider the motion to amend before the Commissioner's motion to dismiss, arguing that if the court permits their motion to amend, the mootness problem raised by the Commissioner is cured. The Commissioner argues that the court cannot consider Plaintiffs' motion to amend because their claim is moot, which deprives the court of jurisdiction. Thus, the Commissioner urges the court to dismiss Count I as moot without considering the motion to amend. Because the Commissioner challenges the court's jurisdiction to decide the motion to amend before the motion to dismiss, the court first addresses that question.

I.    Jurisdiction — Motion to Amend

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies,' [and therefore] '[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Chafin v. Chafin, 568 U.S. 165, 171–72 (2013) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). "The 'case-or-controversy' requirement subsists through all

stages of federal judicial proceedings, trial and appellate." Id. at 172; Harris v. Univ. of Mass. Lowell, 43 F.4th 187, 191 (1st Cir. 2022).   "Mootness is a jurisdictional defect, rooted in Article III case or controversy considerations." Horizon Bank & Tr. Co. v. Massachusetts, 391 F.3d 48, 52 (1st Cir. 2004).

"A court without jurisdiction is like a king without a kingdom: both are powerless to act." Lawless v. Steward Health Care Sys., LLC, 894 F.3d 9, 16 (1st Cir. 2018).  For that reason, the court must resolve a jurisdictional issue before proceeding further in a case.  Id.; McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); see also Fed. R. Civ. P. 12(h)(3).

Some courts have concluded that, once a case becomes moot, the court lacks jurisdiction to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2), even when the amendment is intended to cure the jurisdictional deficiency.  See, e.g., Gourneni v. Mayorkasu, 2021 WL 5178841, at *4 (D.D.C. Nov. 8, 2021); Blanchard v. Lampert, 2018 WL 4760502, at *6 (D. Wyo. Feb. 20, 2018).  Other courts have considered motions to amend despite the jurisdictional issue of mootness.  See Laufer v. Dove Hess Holdings, LLC, 2021 WL 365881, at *4-*5 (W.D.N.Y Feb. 3, 2021) (concluding that plaintiff's claim might be moot but granting leave to amend to cure the defect); Baltimore v. Pruitt, 293 F. Supp. 3d 1, 7-8 (D.D.C. 2017) (holding that the court retained jurisdiction to consider a motion to amend to cure mootness and citing cases).

The issue of whether a district court has jurisdiction to consider a motion to amend when the court lacks jurisdiction over the claim as pleaded in the complaint arose in Yan v. ReWalk Robotics Ltd., 973 F.3d 22, 27 (1st Cir. 2020).  In that case,

Yan brought claims under the Securities and Exchange Acts as a proposed class action, and – although no class was certified – the court appointed Yan as lead plaintiff.  Id. at 29.   The defendant moved to dismiss on the merits and for a lack of standing.  Id. at 30.  The court granted the motion to dismiss the Securities Act claims on the merits.  Id.  The court then determined that Yan lacked standing to bring the Exchange Act claims.  Id.  The court denied the motion to dismiss the Exchange Act claims without prejudice to allow Yan an opportunity to brief the standing issue and to move to amend to establish standing.  Id.   Yan briefed the standing issue and moved to amend the complaint to substitute a new lead plaintiff for the Exchange Act claims.  Id.  The district court concluded that Yan had not shown that he had standing and denied the motion to amend, concluding that because Yan lacked standing, the court lacked jurisdiction to consider the motion to amend.  Id.

On appeal, the First Circuit affirmed dismissal of the claims on the merits and for lack of standing.  Id. at 27.  As to Yan's motion to amend, however, the First Circuit disagreed with the district court's conclusion that it lacked jurisdiction to consider the motion to amend.  Id. at 36.  The First Circuit noted that "some courts suggest this formalistic approach is correct" but held that "[t]he better-reasoned authority, . . . allows a court to entertain and grant a motion to amend filed by a plaintiff who lacks standing to pursue the claim pleaded."  Id.  The First Circuit stated: "that authority includes the Supreme Court," citing Sierra Club v. Morton, 405 U.S. 727, 735 (1972).   The Yan court also cited Adams v. Watson, 10 F.3d 915,

919-25 (1st Cir. 1993), where the circuit reversed a district court's denial of a motion to amend to add facts to cure a jurisdictional defect as to standing.

Both the First Circuit and the Supreme Court have concluded that a lack of standing does not preclude a defendant from seeking leave to amend the complaint to cure the jurisdictional defect.  Sierra Club, 405 U.S. at 735; Yan, 973 F.3d at 36. Although the jurisdictional defect in Yan and Sierra Club was a lack of standing rather than mootness, the jurisdictional consequence is the same.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 353 (2006) ("The doctrines of mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy' language, no less than standing does.").   In this case, however, there is no need to resolve the jurisdictional issue that the Commissioner raises because Plaintiffs also ask to supplement the First Amended Complaint under Federal Rule of Civil Procedure 15(d).

II.   <u>Amendment and Supplementation</u>

Plaintiffs move to amend the First Amended Complaint under Federal Rule of Civil Procedure 15(a)(2) to add H.M. and J.S. as plaintiffs, to add Judge King as a defendant, and to add to Count I challenges to the telephonic hearings that were implemented during the last year.  They also move to add claims under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act with H.M and J.S. as plaintiffs and Judge King and the Commissioner defendants. The Commissioner objects to the motion to amend.

In addition to seeking to amend under Rule 15(a)(2), Plaintiffs invoked Rule 15(d) for leave to supplement the First Amended Complaint.  Doc. no. 268 at 3. Rule 15(d) authorizes the court to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Plaintiffs ask to supplement the First Amended Complaint with allegations, claims, and parties for the purpose of addressing the new telephonic hearing procedures that were implemented after the First Amended Complaint was filed.

"Amended and supplemental pleadings differ in two respects.  The former relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; the latter deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings."  6A Charles Alan Wright et al., Federal Practice and Procedure § 1504, 254-55 (3d ed. 2010).   Plaintiffs' motion to amend addresses only matters that occurred after the First Amended Complaint was filed and, for that reason, is more properly construed as a motion to supplement under Rule 15(d).   See id. at 255 ("Parties and courts occasionally confuse supplemental pleadings with amended pleadings and mislabeling is common.  These misnomers are not of any significance, however, and they do not prevent the court from considering a motion to amend or supplement under the proper portion of Rule 15.").   Therefore, the court will treat Plaintiffs' motion to amend as a motion to supplement under Rule 15(d).

Whether the court construes the motion under Rule 15(a)(2) or 15(d), Plaintiffs face an additional hurdle in this case.  Because Plaintiffs filed their

motion after the deadline for amendment had passed, they must show good cause to modify the schedule to allow consideration of their motion.  Fed. R. Civ. P. 16(b)(4); O'Brien v. Town of Bellingham, 943 F.3d 514, 527 (1st Cir. 2019).


A.    Rule 16(b)(4) - good cause

"The 'good cause' standard focuses on both the conduct of the moving party and the prejudice, if any, to the nonmovant."  Miceli v. JetBlue Airways Corp., 914 F.3d 73, 86 (1st Cir. 2019).  A protracted delay in moving to amend, which causes prejudice to the opponent, without justification is likely to result in denial of the motion.  Id.  On the other hand, good cause is shown if new material facts emerge or are discovered in the case that could not reasonably have been discovered earlier. See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008) (affirming that good cause was lacking where material facts were known to plaintiff when previous complaint was filed); Clark v. City of Los Angeles, 2022 WL 17220036, at *6 (C.D. Cal. Feb. 9, 2022) (finding good cause where facts giving rise to amendments could not reasonably have been known to plaintiff before discovery); Cardwell v. Davis Polk & Wardwell LLP, 2021 WL 4434935, at *40 (S.D.N.Y. Sept. 23, 2021) (holding that diligence to support good cause was shown when new facts are discovered that could not reasonably have been known sooner).

The deadline for amendment of pleadings was March 24, 2022.  Doc. no. 219 (subsequent scheduling changes did not affect that deadline, see doc. no. 230-1). The new telephonic hearing procedures were implemented at the same time, in

March of 2022.  The Commissioner moved to dismiss Plaintiffs' claim as moot on December 7, 2022.  The motion to amend was filed on February 6, 2023.

The Commissioner argues – based on mootness issues the Commissioner raised during the appeal – that Plaintiffs could have and should have moved to amend immediately after the First Circuit remanded the case in November 2021. Specifically, the Commissioner argued to the First Circuit that the New Hampshire Supreme Court's decision in Jane Doe rendered Plaintiffs' claim moot.  However, Jane Doe involved an individual who was seeking a writ of habeas corpus under state law.  Jane Doe 174 N.H. at 246; see also Doe, 16 F.4th at 905.  In Jane Doe, the New Hampshire Supreme Court resolved an issue of state law that was the basis of the decision in that case and is material to Plaintiffs' claim in this case: the Commissioner's obligations under RSA 135-C:27-33 with respect to probable cause hearings.   Plaintiffs here, however, are a class seeking an injunction based on federal law (the Fourteenth Amendment) to stop the Commissioner's practice of leaving IEA-certified patients in hospitals' emergency departments without hearings.  Moreover, although the First Circuit remanded the mootness issue for this court to decide, the Commissioner waited more than a year to move to dismiss on mootness.

When the Commissioner and Judge King implemented telephonic hearing procedures in March of 2022, the relevant circumstances changed.  Given the proximity of the amendment deadline to the implementation of the telephonic hearing procedures, it would not be reasonable to expect Plaintiffs to have moved to amend their complaint to challenge the new procedures before the deadline.

Instead, it was reasonable for Plaintiffs to assess the new telephonic hearing procedures before seeking leave to amend the complaint.[4]  And, it was the Commissioner's motion to dismiss in December 2022 that precipitated the motion to amend.  Although Plaintiffs filed the motion to amend 10 ½ months after the deadline for amendment, they have shown good cause for the delay.

The deadline for the close of discovery was February 28, 2023.  Doc. no. 230-1.  The Commissioner argues that additional discovery will be necessary if the complaint is amended, which will cause delay, but she has not shown that she will be prejudiced.  Plaintiffs argue that – because discovery is not complete – the discovery deadlines would have to be extended even without the proposed amendments.

The Commissioner's opposition to discovery and her repeated jurisdictional challenges and appeal have long delayed discovery in this case.  See, e.g., doc. no. 177 (compelling Commissioner to participate in a discovery conference); doc. no. 212 (granting Commissioner's motion to stay the case pending her appeal).  The court concludes that, in these circumstances, Plaintiffs have acted diligently.  The delay caused by the supplements to challenge the telephonic hearings will not prejudice the Commissioner.

For these reasons, Plaintiffs have shown good cause to modify the scheduling order to consider their motion under Rule 15(d).

---

[4]  In addition, it appears that the hearing procedures were modified after March 2022.  Those modifications include no longer providing videoconference hearings at designated receiving facilities and consolidating all IEA hearings at the Circuit Court in Concord.

B.     Rule 15(d) - supplementation

Rule 15(d) "was designed to combat 'the rigid and formalistic view that where the original complaint fails to state a claim upon which relief can be granted, leave to serve a supplemental complaint must be denied.'"  United States ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 5 (1st Cir. 2015).  "In keeping with this spirit of flexibility, courts generally have read Rule 15(d) to include defects in subject matter jurisdiction among the deficiencies that may be corrected through a supplemental pleading."  Id. at 5.  For that reason, a complaint that lacks subject matter jurisdiction may be supplemented to cure that deficiency.  Id. at 6; see also Am. Civil Liberties Union of Miss., Inc. v. Finch, 638 F.2d 1336, 1346-47 (5th Cir. 1981) (reversing district court decision dismissing claims as moot and remanding for plaintiffs to supplement the complaint under Rule 15(d)); Channing Bete Co., Inc. v. Greenberg, 2022 WL 43692, at *11-*12 (D. Mass. Jan. 5, 2022) (allowing supplementation under Rule 15(d) to cure mootness);  Frye v. Gardner, 2020 DNH 213, 2020 WL 7246532, at *7 (D.N.H. Dec. 9, 2020)  (stating that the court would have discretion to allow supplementation under Rule 15(d) to cure mootness); 6A Charles Alan Wright et al., Federal Practice and Procedure § 1505 (3d ed. 2010) (supplementation allowed to cure jurisdictional defects).

Proposed supplementation must address events that occurred after the prior complaint was filed.  Gadbois, 809 F.3d at 7.  Rule 15(d) may be used to add new parties as well as new allegations and claims.  6A Federal Practice and Procedure §§ 1506 & 1507.  "[C]ourts customarily have treated requests to supplement under Rule 15(d) liberally."  Gadbois, 809 F.3d at 7.

Supplementation should not be allowed, however, if it would cause undue delay in the case.  Id.  "In the last analysis, a district court faced with a Rule 15(d) motion must weigh the totality of the circumstances, just as it would under Rule 15(a)."  Id.  Those circumstances may include futility, prejudice to the opposing party, and unreasonable delay before moving to supplement."  Id.

Before considering the specific supplements that Plaintiffs propose, the court finds that the totality of the circumstances weighs in favor of allowing Plaintiffs to supplement the First Amended Complaint to address the telephonic hearing procedures.  There is no dispute that the procedures were implemented after the current complaint was filed.  Those facts support and relate back to the procedural due process sought in Count I of the current complaint, with additional allegations that telephonic hearings do not provide meaningful hearings.

The timing of the motion does not show undue delay, given the recent implementation of the telephonic hearing procedures.  Although supplementation may require additional discovery, the Commissioner has not shown that the time necessary will prejudice her defenses.

C.    Plaintiffs' proposed supplements to the First Amended Complaint

Plaintiffs seek leave to supplement the First Amended Complaint to add allegations, parties, and claims arising from the telephonic hearing procedures.  The court addresses the proposed supplements below.

.                1.    <u>Due Process - Count I</u>

For Count I, Plaintiffs seek leave to add two named plaintiffs, H.M. and J.S.,

who allege that they were detained subject to IEA certificates after the new

telephonic hearing procedures were implemented.[5]  They also seek leave to add

Judge King as a defendant.  They allege in the proposed supplemented complaint

that the Commissioner and Judge King have denied the Plaintiffs "constitutionally

adequate procedural due process" in the following ways:  "by holding probable cause

hearings by teleconference, and systematically denying class members' requests for

hearings by videoconference;" "by implementing a policy centralizing hearings in

Concord that has denied Plaintiffs and the members of the Plaintiff Class access to

counsel;" and "by failing to provide each patient with timely notice and a copy of the

patient's IEA petition."  Doc. no. 250-2, ¶¶ 227, 228, & 229.

Plaintiffs previously alleged in support of Count I that the Commissioner was

violating due process by detaining them on IEA certificates while they waited for

space in a designated receiving facility.  The original allegations include the lack of

notice: of the petition, access to counsel, the option to be admitted voluntarily, and

an opportunity to contest detention.  <u>See</u> doc. no. 78 ¶¶ 17, 19, 25, 33, 65, 80, 101, &

105.  Plaintiffs' proposed supplements challenge the new telephonic procedures as

violating their due process rights by failing to provide meaningful hearings.  For

relief, Plaintiffs seek both a declaration that the new procedures violate their rights

---

[5] H.M. and J.S. were granted leave to proceed under pseudonyms.  End. Or.
Feb. 22, 2023.

to due process and a permanent prospective injunction to halt use of those procedures.

a.   <u>New plaintiffs</u>

The Commissioner objects that the proposed supplements change and broaden the scope of Count I.  She contends that the case has been focused on the timing of the probable cause hearings, which has been resolved, and that the proposed supplements to address the new procedures would be prejudicial. Although the case has focused on the timeliness of IEA probable cause hearings, Plaintiffs allegations were not limited to timeliness.  The new allegations that the Commissioner denied H.M. and J.S. due process by requiring telephonic probable cause hearings are closely related to Plaintiffs' due process claim in Count I of the First Amended Complaint.

The Commissioner has not shown that the allegations about the new telephonic hearing procedures and the addition of H.M. and J.S. (who experienced those procedures) will prejudice her ability to defend against the due process claim in Count I.  <u>See, e.g.</u> HCC Specialty Underwriters, Inc. v. Woodbury, 2017 DNH 245, 2017 WL 6001746, at *3-*4 (D.N.H. Dec. 4, 2017) (holding that defendant did not show prejudice although amendment based on new evidence would require change in trial strategy).  Plaintiffs are granted leave to supplement the complaint to add H.M. and J.S. as plaintiffs in Count I and to add the allegations that address the new procedures related to the telephonic hearings.

b.   <u>New defendant</u>

Plaintiffs also seek leave to add Judge King as a defendant in Count I.  The Commissioner notes that Judge King was dismissed from the case in 2019.  In the First Amended Complaint, Plaintiffs did "not allege any actions or failures to act by the Circuit Court or Judge King that have violated their rights."  Doc. no. 100 at 7.  They asserted no claims against Judge King and sought no relief from him.  <u>Id.</u> Instead, at that time, Plaintiffs intended to "join" Judge King in the action in order to avoid anticipated logistical problems if the Commissioner were ordered to provide probable cause hearings.  <u>Id.</u>  The court granted Judge King's motion to dismiss because Plaintiffs did not "allege a justiciable case or controversy as to Judge King or the Circuit Court."  <u>Id.</u> at 8.

The circumstances that Plaintiffs anticipated when they initially attempted to join Judge King in the case have now occurred.  In the proposed supplemented complaint, Plaintiffs allege that Judge King has denied them due process by holding telephonic due process hearings rather than videoconference hearings, by denying them access to counsel when the hearings are held in the Circuit Court in Concord rather than in Circuit Courts located near the facilities where they are detained, and by failing to provide them notice of the hearings and copies of the IEA petitions.  They seek declaratory and injunctive relief against Judge King to stop the alleged due process violations.   Therefore, there is currently a justiciable case involving Judge King.

Whether Eleventh Amendment immunity or any other defense would bar the due process claim in Count I against Judge King is better addressed in the context

of a putative motion to dismiss or motion for summary judgment.  The proposed
supplement to add Judge King as a defendant in Count I is allowed without
prejudice to Judge King's ability to raise any appropriate defense.

    2.    <u>ADA and Rehabilitation Act – Counts II and III</u>

Plaintiffs also seek leave to supplement the complaint to add claims under
the ADA and Section 504 of the Rehabilitation Act against the Commissioner and
Judge King.  They propose a Disability Subclass, with Deborah A. Taylor, H.M., and
J.S. as the representatives of "individuals with disabilities under the ADA and
Rehabilitation Act and who are currently being, have been, or will be involuntarily
detained under RSA 135-C:27-33 without receiving a probable cause hearing in
person or by videoconference."  Doc. no. 250-2 at 66.   As proposed, they allege that
the Commissioner and Judge King regard the representatives and the Disability
Subclass as having a mental impairment, based on the IEA certification, and that
they have discriminated and continue to discriminate against the representatives
and the Disability Subclass by not providing in-person or videoconference hearings.
H.M. and J.S. seek compensatory damages.  The Disability Subclass seeks
declaratory and injunctive relief.

The Commissioner contends that the addition of the new proposed claims
under the ADA and the Rehabilitation Act are prejudicial because they would
require the case to restart to address the new issues raised in those claims.  The
court agrees that the ADA and Rehabilitation Act claims necessarily focus on new
facts and legal issues that are separate from the due process issues that have been
in the case from the beginning.  The development of the disability claims and

defenses to those claims will require discovery and possibly expert witnesses that are unrelated to the existing due process issues in this case.  For those reasons, the court does not permit Plaintiffs to add the disability claims to this case.

     For these reasons, Plaintiffs' motion to supplement to add Counts II and III and the related Disability Subclass is denied.

III.    <u>Motion to Dismiss</u>

     In light of the court's ruling on supplementation, Count I is not moot. Therefore, the Commissioner's motion to dismiss Count I is denied.

<strong>CONCLUSION</strong>

     For the foregoing reasons, the Plaintiffs' motion to hold in abeyance (doc. no. 251) is denied.  Plaintiffs' motion to supplement (doc. no. 250) is granted in part and denied in part as provided in this order.  The Commissioner's motion to dismiss (doc. no. 248) is denied.

     Plaintiffs are granted leave to supplement the First Amended Complaint (doc. no. 78) to add H.M. and J.S. as plaintiffs, to add David King, Administrative Judge of the New Hampshire Circuit Court, as a defendant, and to add the proposed allegations to Count I.

     Plaintiffs are not granted leave to supplement to add Counts II and III or the Disability Subclass.

     Plaintiffs shall file a Second Amended Complaint with the supplementation that is allowed in this order but without the allegations related to the disability

21

claims in Counts II and III.  The Second Amended Complaint shall also delete the individual plaintiffs' claims against the hospitals that have been voluntarily dismissed.  Doc. no. 269.  The Second Amended Complaint shall be filed within **five days of the date of this order.**

Within **30 days** after Judge King is served and has appeared in the case, the parties shall submit a joint proposed scheduling order to address any dates and deadlines to be changed in light of this order.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

May 12, 2023

cc: Counsel of record.

22