## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

John Doe, et al.

      v.                                    Civil No. 18-cv-1039-LM
                                                    Opinion No. 2023 DNH 127 P
Commissioner, New Hampshire
Department of Health and
Human Services, et al.


### O R D E R

      The intervenor-plaintiff Hospitals seek early final judgment on Count II of

their amended complaint, pursuant to Federal Rule of Civil Procedure 54(b).  They

assert that early final judgment is warranted because the court has issued a

declaratory judgment and injunction on Count II of their amended complaint

against the Commissioner of the New Hampshire Department of Health and

Human Services.  The Commissioner assents to the Hospitals' motion; the Hospitals

represent that the class plaintiffs take no position, and the class plaintiffs did not

file a response to the motion.  For the following reasons, the court denies the motion

for immediate entry of final judgment, without prejudice to the Hospitals' right to

move for final judgment after the injunction's compliance deadline.


### STANDARD OF REVIEW

      Under Rule 54(b), in a multi-party and multi-claim case, "the court may

direct entry of final judgment as to one or more, but fewer than all, claims or parties

only if the court expressly determines that there is no just reason for delay."

Generally, the purpose for entering partial final judgment is to allow an immediate

appeal as to particular claims or parties.  Amyndas Pharms., S.A. v. Zealand
Pharma A/S, 48 F.4th 18, 28 (1st Cir. 2022).  The authority to enter early partial
final judgment, however, is "narrowly circumscribed" and is "reserved for the
unusual case in which the costs and risks of multiplying the number of proceedings
and of overcrowding the appellate docket are outbalanced by pressing needs of the
litigants for an early and separate judgment as to some claims or parties."  Id.
When an unusual case is presented that shows the litigants' pressing need for an
early and separate judgment, the court must then determine whether the decision is
sufficiently final and there is no just reason for delay.  Id.

## BACKGROUND

John Doe filed this case as a putative class action against the Commissioner,
Southern New Hampshire Medical Center, and the New Hampshire Circuit Court
District Division in November 2018.  Doc. no. 1.  The Hospitals intervened in the
case in May 2019.  Doc. no. 62.  The putative class plaintiffs and the Hospitals filed
amended complaints in July 2019.  Doc. nos. 77 and 78.  The court dismissed the
Administrative Judge of the New Hampshire Circuit Court from the case later in
2019.  Doc. no. 100.  After denying the Commissioner's motions to dismiss, the court
certified a plaintiffs' class under Federal Rule of Civil Procedure 23(b)(2).  Doc. no.
149.  The case has since proceeded through protracted litigation, including motions
to dismiss and appeals.

In February 2023, the court granted a declaratory judgment on Count II of the Hospitals' amended complaint but required additional briefing on certain issues pertaining to the Hospitals' request for a permanent injunction.  On May 17, 2023, the court issued a permanent injunction to stop the Commissioner's practice of boarding persons who were detained on involuntary emergency admission ("IEA") certificates in Hospital emergency departments.  Doc. no. 279.  The Commissioner must comply with the injunction within 12 months of its effective date (May 17, 2023).  In the meantime, the Commissioner is required to file status reports, as provided in the order.  The Hospitals voluntarily dismissed their remaining claims.

On May 23, 2023, the class plaintiffs filed an amended complaint bringing a single claim against two defendants: the Commissioner and Judge David D. King, Administrative Judge of the New Hampshire Circuit Court.  The claim alleges the defendants are violating the procedural due process rights of IEA-certified individuals by not providing in-person or video probable cause hearings, along with other procedural deficiencies.  The defendants have moved to dismiss that claim, and those motions are pending.  The Hospitals have moved to join (Federal Rule of Civil Procedure 19(a)) or intervene (Federal Rule of Civil Procedure 24(a)(2)) as a party in the class plaintiffs' action against the defendants.  The Hospitals assert that if relief were granted to the class plaintiffs it would likely involve probable cause hearings conducted by videoconference from the Hospitals' emergency departments.  Doc. no. 288.  That motion is also pending.

## DISCUSSION

The Hospitals argue that, at this stage of the case, where a declaratory judgment and permanent injunction have issued against the Commissioner on the Hospitals' claim in Count II, the court should enter final judgment on that claim. As is noted above, the Commissioner agrees with that relief, and the class plaintiffs take no position.  The Hospitals, however, have not shown that this is the unusual case where early entry of final judgment is appropriate.

To begin, the Hospitals have not identified a "pressing need" in this case for early entry of judgment on Count II.  They do not argue that either they or the Commissioner intends to appeal any issue arising out of the court's decision to grant summary judgment or issue the injunction.  Although the Hospitals refer in passing to an agreement with the Commissioner on the entrance of early judgment, they provide no context for why that agreement might constitute a pressing need.

While the lack of a pressing need for early entry of judgment may be dispositive, another and possibly more important deficiency stands in the way.  It is not clear that this part of the case is sufficiently final to support early judgment. Although the court issued the declaratory judgment and the permanent injunction, the court's order does not require the Commissioner to comply with the injunction until May 2024.  In the meantime, the Commissioner is taking steps to meet that deadline and is filing status reports on that progress.

Compliance with the terms of the injunction appears to be a work in progress that may require additional action by the court.  The court may, and likely will,

retain jurisdiction to enforce the injunction when judgment is entered, but at this stage, when the compliance deadline is still many months away and not a certainty, final judgment would be premature.  Additionally, the Hospitals' request to join or intervene in the class plaintiffs' ongoing action against Judge King and the Commissioner (to protect the Hospitals' interests related to providing video probable cause hearings) demonstrates that there is good reason to avoid an early judgment on Count II.

## CONCLUSION

For these reasons, the court denies the Hospitals' motion for early entry of judgment (doc. no. 286), without prejudice to their right to move for entry of judgment after the compliance date for the injunction, if the case remains pending at that time.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

October 11, 2023

cc: Counsel of record.